GEORGE WILSON, Appellant, v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, March 21, 1893.

Witnesses: RIGHT TO MILEAGE. The fact that a witness has attended the trial under a subpœna, the service of which has been accepted by him, will not defeat his right to mileage.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*John J. O' Connor*, for appellant.

The appearance of the witnesses of the respondent, except as shown by subpœna marked exhibit "A," was voluntary; and a witness cannot recover fees or mileage, unless he has appeared at court in obedience to the order of the court duly served on him in accordance with law. *Herson v. Railroad*, 18 Mo. App. 439; *Hutchens v. State,* 8 Mo. 283; *Coken v. Palley's Heirs*, 51 Ala. 511. There is no law authorizing acceptance of service of a subpœna. Revised Statutes, 1889, section 2018, refers only to a defendant, and not to a witness.

*Palmer Trimble* and *E. S. Robert* for respondent.

The fourth point of appellant is not a correct statement of the facts. Witnesses did not appear voluntarily, but in obedience to a subpœna, regularly issued, and service accepted on same in writing and regularly returned. A witness may, by his own acts, dispense with the legal form of serving subpœnas. Rapalje's Law of Witnesses, sec. 302; *Tera v. Storm*, 1 Yeater (Pa.) 303.

BIGGS, J.—This is an appeal from a judgment of the circuit court, overruling a motion to retax costs.

The action was for personal injuries. There was a trial, which resulted in a verdict and judgment for the defendant. The clerk of the court allowed and taxed as costs mileage in favor of certain witnesses, who had in writing accepted service of the subpœnas. The subpœnas were regularly issued, and the witnesses attended the trial. They lived more than forty miles from the place of trial, and their fees were not tendered. Upon this state of facts the circuit court ruled that the

action of the clerk in allowing the witnesses mileage was proper. The plaintiff has appealed.

The question involves the construction of the statute pertaining to the fees of witnesses. That portion of section 5003, Revised Statutes of 1889, which is pertinent, reads: "Each witness shall be examined on oath by the court, or by the clerk when the court shall so order, or by the justice, as the case may be, as to the number of days of his actual necessary attendance, *under subpœna* or recognizance, and the number of miles necessarily traveled."

The question is, did the witnesses attend the trial in obedience to a subpœna? If so, they are entitled to mileage. While the statute does not provide for acceptance of service of a subpœna, we know of no good reason why a witness could not dispense with the legal forms of service. In Pennsylvania it was expressly decided that he could. *Feree v. Strome,* 1 Yeater (Pa.) 303. A subpœna is not directed to an officer, but to the witness himself.

In the case of *Herson v. Railroad,* 18 Mo. App. 439, subpœnas were not issued. The witnesses attended the trial at the request of the defendant. The Kansas City Court of Appeals held, and we think properly, that the attendance of the witnesses in that case was purely voluntary, and that they were not entitled to claim mileage. But this cannot be said of witnesses who have accepted service of subpœnas. Attendance by them should be regarded as in obedience to or "under subpœna." And we think this is true, although the witnesses live more than forty miles from the place of trial, and the legal fees have not been tendered or paid. The right to have fees paid in advance may also be waived.

The judgment of the circuit court will be affirmed. All the judges concur.