CHRISTOPHER McHONEY, Respondent, v. THOMAS KERWIN, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Witnesses**: ISSUE OF SUBPŒNA. A justice of the peace has authority under section 8927 of the Revised Statutes to issue a subpœna for the attendance of a witness at a trial in a court of record in his county.

2. ———: TAXATION OF FEES AS COSTS. A witness who voluntarily accepts service of a subpœna is entitled to his fees, as if the subpœna had been duly served upon him; but the taxation of the fees of a witness will be held erroneous in the absence of evidence that he attended the trial in pursuance of the service, or acceptance of service, of a subpœna.

3. **Practice, Appellate**: PRESUMPTION OF OFFICIAL CHARACTER. When a person appears on the face of the record to have acted officially as a justice of the peace, it will be presumed, in the absence of evidence to the contrary, that he held that office at the time.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

*J. D. Barnett* for appellant.

No brief filed for respondent.

BOND, J.—A judgment was rendered in the court below in favor of respondent and against appellant for the sum of $50 and costs of suit. The appellant paid

the amount of said judgment and all costs accrued thereon, except the following items:

Walter McQuie, J. P., one subpœna for plaintiff................ $ .25
James Kellar, witness for plaintiff, two days, seven miles......... 2.35
Taylor Hawkins, witness for plaintiff, two days................. 2.60
H. J. Maxey, witness for plaintiff, two days................ ........ 2.00
Steve Williams, witness for plaintiff, two days, twelve miles....... 2.60
George Whitehead, witness for plaintiff, one day................. 1.00

Appellant filed his motion at the July term, 1892, of the circuit court, to retax the costs of said cause as to the items *supra*, laying as his grounds of said motion: *First*. That no legal subpœna was issued for the above named witnesses. *Second*. That they were not legally served.

On the trial of this motion it appeared in evidence that the clerk of the circuit court taxed the costs complained of in appellant's motion to retax; that the witnesses named in appellant's motion made claim to the circuit clerk, and that he entered their fees in the fee book; that they stated that they had been summoned by respondent, McHoney; that among the roll of papers belonging to the principal case, was what purported to be a subpœna for four of the witnesses mentioned in the motion to retax, issued by Walter McQuie, J. P.

The evidence was that the sheriff received no subpœna for respondent, and summoned no witnesses in his behalf on the trial of the original case.

On the trial of the motion to retax costs, respondent filed a return made by him of the subpœna issued by McQuie, J. P., under oath, reciting in said return that he, respondent, executed said writ about the fifth of February, 1892, by presenting the same to the within named, Taylor Hawkins, Steve Williams, James Kellar and Henry Maxey, and allowing each one of them to read said writ of subpœna; whereupon each of said above named persons then and there

acknowledged the service of said writ, and promised that each would attend upon said trial according to its requirements.

The circuit judge overruled appellant's motion to retax costs, from which the present appeal is taken. The chief errors assigned are:

*First.* That the subpœna, purporting to have been issued by Walter McQuie, J. P., is not authorized by law, since it does not appear in the record that the person issuing it was a justice of the peace in the county wherein the trial was had.

*Second.* That respondent was not a disinterested person, and therefore not authorized to serve a subpœna in his own case.

*Third.* That witness Geo. Whitehead was neither subpœnaed nor embraced in the return made upon the subpœna, wherefore appellant should not be taxed with a fee in favor of said witness.

As to the first assignment of error it must be borne in mind that the subpœna for the witnesses issued by McQuie, J. P., purports on its face to have been issued by him as a justice of the peace, and was directed to the four witnesses by name and commanded them to appear on a certain day and certain place in the county of Montgomery before the judge of the circuit court and there to testify. Section 8927 of the Revised Statutes, provides that summons for witnesses shall be issued by the clerk of the court, or by some notary public or *justice of the peace* of the county wherein the case is pending. It appears, therefore, that there is a clear statutory authority on the part of justices of the peace of any county, where a trial is to be had in a court of record, to issue subpœnas for the presence of witnesses at such trial.

The transcript shows on its face that the subpœna was in substantial conformity with the requirements

of the statute; that it was properly addressed; that it ran in the name of the state, and that it was signed by McQuie in his official character as justice. He was, in the performance of this duty, a public officer, exercising a statutory authority. We are warranted, therefore, as there is no evidence in this record to the contrary, in assuming that he was a justice at the time of the issuance of the subpœna in question. *Powers v. Braley*, 41 Mo. App. 556; *Kronski v. Railroad*, 77 Mo. 362. We do not think, therefore, that the first assignment of error should be sustained.

As to the second assignment of error, we do not think it is necessary for the decision of this case that we should hold that a plaintiff who is a competent witness in his own case is entitled, under section 8937, to make service of subpœnas upon witnesses, since the return upon the subpœna in question shows affirmatively that the several witnesses, to whom it was addressed, acknowledged and *accepted* service of the same.

We have held in a recent case that, although the statute is silent upon the subject of acceptance of service of subpœnas, it is proper for witnesses to accept service of such writs, and that, if they attend the trial thereafter, they are entitled to their fees as if the writ had been duly served upon them. *Wilson v. Railroad*, 53 Mo. App. 342.

As there is evidence that four of the witnesses specified in the motion to retax the cost did accept service of a subpœna to testify, and did attend the trial and were allowed fees therefor by the clerk of the circuit court, who is also to be presumed to have made such allowance according to the provisions of law, we must likewise rule the second assignment of error against appellant.

As to the third assignment of error, there is no

substantial evidence in the record 'that the witness, George Whitehead, attended the trial in pursuance either of the service or the acceptance of service of a subpœna. As to the item of costs of $1 allowed him, the motion of appellant should be sustained.

The court's judgment in overruling the motion to retax costs must, therefore, be reversed, and the cause remanded to the trial court with directions to sustain the defendant's motion to retax costs, as far as it relates to the allowance of $1 to witness Whitehead, and to overrule it as to the residue.

The amount is trivial, but, as the respondent could have saved the costs of this appeal by paying this small item of costs (for which he is responsible, and the appellant is not under any view of the law), the expense is the result of his own imprudence.

Reversed and remanded, with directions to enter the judgment above indicated. All concur.