## HOLT v. NIELSON et al.

No. 2104.   Decide June 6, 1910 (109 Pac. 470).

1. TRIAL—INSTRUCTIONS ALREADY GIVEN.  Where the substance of a requested charge was fully given by the court, the requested instruction was properly refused.  (Page 571.)

2. ACTION—SPLITTING CAUSES OF ACTION.  An action based on the breach of a different agreement from that on the breach of which the present suit is based was a different cause of action, so that there could be no question of splitting of a cause of action.  (Page 571.)

3. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE. Any error in excluding the answers to certain questions was not prejudicial to defendants where they got such evidence before the jury at different times during the trial.   (Page 573.)

4. WITNESSES—APPEAL AND ERROR—DISCRETION OF TRIAL COURT— CROSS-EXAMINATION.   Considerable discretion is vested in trial courts as to the questions allowable on cross-examination to test the memory or credibility of witnesses; and, in the absence of prejudicial abuse of such discretion, a judgment will not be reversed for error in unduly restricting or extending the scope of cross-examination.[1]   (Page 573.)

[1] Anderson v. Salt & O. Ry. Co., 35 Utah, 509, 101 Pac. 579.

5. WITNESSES—EXAMINATION—REDIRECT EXAMINATION. In an action. for damages for failure to deliver three hundred sheep, where a witness was asked on cross-examination whether defendant had not sold certain rams which did not include the rams in controversy, a question on redirect examination as to how much defendant got for a certain lot of sheep was not proper redirect examination, and was properly excluded. (Page 578.)

6. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE. Any error in excluding such question could not have injured defendant. (Page 573.)

7. APPEAL AND ERROR—SCOPE OF REVIEW—REASON FOR RULING—EXCLUSION OF EVIDENCE. If a ruling excluding answers to certain questions was correct for any reason whatever, no error was committed in excluding them. (Page 573.)

8. PLEADING—PLEADING BY REFERENCE. An answer by referring to pleadings in a former action made such pleadings a part of it by reference. (Page 576.)

9. TRIAL—ARGUMENT—COMMENT ON PLEADINGS—PROPERTY. If pleadings in a former action are made a part of the answer in the present action by reference thereto, counsel can comment thereon in argument in the same manner as on the answer in the present action. (Page 576.)

10. APPEAL AND ERROR— VERDICT—CONCLUSIVENESS. Where, though the jury could have found a larger verdict for plaintiff than it did, they were also justified in finding for defendant, the verdict for plaintiff, under proper instructions, cannot be disturbed on appeal, though the appellate court might have decided differently. (Page 577.)

11. TRIAL—FINDINGS BY COURT—CONFORMITY TO EVIDENCE—HEARSAY. Hearsay evidence could be ignored by the court in making findings on questions of fact. (Page 577.)

12. WITNESSES—SUBPOENA—SERVICE—PERSONS AUTHORIZED TO SERVE. A subpoena may be served by any person. (Page 578.)

13. WITNESSES—MILEAGE FEES. Comp. Laws 1907, sec. 994, entitles every witness legally required to attend the district court to one dollar and one-half for each day's attendance, and twenty cents for each mile necessarily traveled in going, and section 3419 provides that service of a subpoena is made by showing the original and delivering a copy to the witness personally, or by leaving a copy of the same with some suitable person at the place of his abode. Held, that where a witness leaves his home pursuant to a subpoena or is served while away from home and returns to his home in due course of business before going to testify, he may claim mileage fees,

and witnesses who were notified at their homes by telephone by the sheriff that he had subpoenas for them, and, pursuant to such telephone communication, came to the place of trial, were entitled to mileage fees from their homes to such place.   (Page 579.)

14. WITNESSES—MILEAGE FEES—"LEGALLY REQUIRED TO ATTEND."  A witness may waive the manner of service and accept service in some other form though not in strict compliance with the statute, and he will be required to obey a subpoena so served, so that such witnesses were "legally required to attend," within Comp. Laws 1907, sec. 994, so as to be entitled to mileage fees from their home to the place of trial.   (Page 580.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Robert N. Holt against A. J. Neilson and another, copartners as Nielson & Kearnes.

Judgment for plaintiff.   Defendants appeal.

AFFIRMED.

*Moyle & Van Cott* for appellants.

*Stewart & Stewart* for respondents.

FRICK, J.

Respondent brought this action against the appellants to recover damages for their failure to deliver to him 300 head of buck sheep which respondent under the terms of a written agreement or bailment had delivered to appellants, and which agreement was set forth in full in the complaint, and, further, to recover damages for the value of certain wool which appellants had obtained from said sheep, and which it was alleged appellants had converted to their own use.   In their answer appellants admitted the receipt of "300 head of rams" from respondent, and denied generally all the other allegations of the complaint.   As affirmative defense appellants set forth in their answer that they had at a specified time returned to respondent "229 head of said rams referred to in the agreement mentioned in plaintiff's complaint."   As a

plea of accord and satisfaction, appellants further averred that, at a time subsequent to the delivery of said 229 head, they had also delivered "38 head of defendants' rams" which were delivered and accepted "in full satisfaction, discharge, payment and delivery" for the rams set forth in respondent's complaint.  As a further defense, appellants set forth in their answer that respondent, before the bringing of this action, had instituted a former action against the appellants; that in said action certain matters relating to the cost of keeping and feeding the sheep in question were in issue; that respondent failed to set forth in said action the matters now in issue, and, "because of his failure so to do, he has waived any and all rights which he may have in the premises, and is thereby barred and estopped" from maintaining the present action.  Respondent filed a reply in which he denied the affirmative matters set up in the answer, except that he had prosecuted a former action.  He, however, alleged in his reply that both the parties and subject-matter in the former action were different from what they were in the present one.  A trial upon the foregoing issues to a jury resulted in a verdict for the respondent.  The court entered judgment upon the verdict, from which appellants prosecute this appeal.

There are seventy-seven errors assigned.  The alleged errors relate to the admission and exclusion of evidence; to the giving of certain instructions to the jury, and the refusal to give certain requests asked by appellants; to misconduct on the part of respondent's counsel at the trial; and to errors committed in refusing to retax costs.  In appellants' brief the errors that are argued are presented under twenty different heads.  We remark that the record is quite voluminous, and the evidence is not of that character which permits us to set it forth, even in condensed form.  Nor would a statement of the facts be of any particular advantage to either of the parties, the court or any one else.  In view of the numerous assignments, and their character, we can do no more than to give our conclusions in the briefest possible terms.  If we deem it necessary to refer to any of the facts, we shall

do so in connection with the discussion of the particular assignment. Nor can we devote space for the purpose of inserting the numerous instructions that are complained of nor the requests which were refused. The instructions were quite long. They covered all the issues, and fairly presented the theories of both sides to the jury. We shall only refer to the instructions by number, and, where necessary, state the subject to which they relate. For convenience, we shall consider the assignments in the order in which they are presented in appellants' brief.

The first one relates to an alleged error in giving instruction No. 4. In this instruction the court simply laid down a guide for the jury to follow for the purpose of determining the number of sheep appellants should account for to respondent. In the latter portion of the instruction, the court referred to the thirty-eight head which appellants claim were received by respondent as an accord and satisfaction, as set forth in their answer. By inserting that matter the instruction became a little obscure. If it is read and considered in connection with the instructions which follow it, the jury could not have been misled. Moreover, the instruction is excepted to as a whole, and we do not think it is bad in its entirety. We cannot say, however, that the appellants were prejudiced by the giving of this instruction.

The next error assigned refers to instruction No. 5, as given by the court. We cannot agree with counsel for appellants in their interpretation of that instruction. Viewing it as a whole and in the light of the evidence, we are of the opinion that the court committed no prejudicial error in giving it.

Nor is the alleged error with respect to the giving of instruction No. 6 availing. Here again the exception is to the whole instruction. The instruction, however, states a correct proposition of law when applied to the issues.

The objection to instruction No. 7 cannot be sustained. While the instruction is not as clear and explicit as it could have been made, it nevertheless, when considered as a whole, fairly states the law applicable to both the issues and the

evidence so far as either or both are covered by it. When this charge is considered in connection with the other charges given by the court, appellants have no cause for complaint.

There is no merit to the contention that the court erred in giving instruction No. 8 to the jury. Nor did the court err in refusing appellants' request No. 5, if for no other reason than that the substance of the request was fully covered by instruction No. 13 given by the court. The same result must follow with respect to the alleged error in refusing appellants' request No. 12. In No. 19 of the court's instructions all that appellants asked was given in language even more favorable to them than that contained in their request just referred to.

It is urged with some vigor that the court erred in refusing appellants' request to direct a verdict for them. The contention is apparently based upon that part of affirmative matter contained in the answer by which appellants had set forth that respondent had waived or lost his right to recover in this action because he had failed to set forth the matter in issue in this action in a former action. We have carefully examined the pleadings in the former action, and nothing that was in dispute in this action was involved in the former. Nor can we see how respondent could have litigated the matters set forth in the complaint in this action in the former one. That action was based on a different agreement—one that was entered into at a different time. The present action was therefore not for the same cause of action. The question, therefore, is not one of "splitting" a cause of action and bringing two actions where the law allows but one, and, if it is not, we know of no law or reason that requires a party to join all the causes of action he may have against one or more individuals in one action or complaint. There is no contention that the matter involved in this suit was *res judicata*, and hence the court was clearly right in refusing the request.

The next assignment relates to some remarks the judge made during the trial in the presence of the jury. In doing so, it is contended error resulted because the judge in what

was said "invaded the province of the jury." What the court said follows: "As I understand you, he qualified it to that extent on cross-examination himself. I do not see that there is anything to rebut or anything to deny. The statement that is strongest against his interest is always that one that is entitled to be considered." In referring to the original bill of exceptions, it is there disclosed that the remarks made by the judge were called forth by a colloquy between counsel with respect to what a witness had or had not testified to. In making the statement the judge was addressing respondent's counsel, and in that connection referred to the witness, as appears in the foregoing quotation. We cannot see how appellants could have been prejudiced by what the court said under any condition in view of the circumstances under which the statement was made. The contention that the court committed error is in our judgment wholly without merit.

The next two assignments relate to similar remarks of the court. In our opinion appellants could have been affected in no legal right in anything the court said. Without setting forth the statements attributed to the judge, it must suffice to say that it is not easy to conceive how the judge could have said anything less harmful under the circumstances than he did, if he said anything at all on the subject.

The next four assignments relate to errors which it is alleged the court committed in sustaining certain objections to certain questions appellants' counsel propounded on cross-examination to repondent when testifying as a witness in his own behalf. In again referring to the original bill of exceptions, it is made to appear that counsel for appellants sought to have respondent answer the question why he did not include in the former action the matters set forth in the present complaint. The objection that the question was not proper cross-examination was sustained. This same question was subsequently asked at three different times and in three different ways, and the objection thereto was sustained upon the same grounds. This is what is covered by the four assignments aforesaid. In ruling on the objection, the bill

of exceptions shows that the court in addressing appellants' counsel said: "The present ruling of the court is that it is not proper cross-examination. You may have an opportunity at the proper time when you offer your evidence." Moreover, if it were conceded (a matter not decided) that technically the court erred in excluding the answer of the witness at the time, yet it is apparent from the whole record that appellants's counsel at different times during the trial got all of this evidence before the jury, and thus obtained the full benefit of the questions. This was all **3, 4** he was entitled to, and hence no prejudicial error was committed in sustaining the objections just referred to. In this connection it is well to remember that considerable discretion is vested in trial courts with respect to the extent that cross-examination shall be allowed in testing the memory or on any matters affecting the credibility of the witness, and unless it is made apparent that this discretion has been abused, to the prejudice of the losing party, a judgment will not ordinarily be reversed for a mere error in either restricting or extending the scope of the cross-examination. (*Anderson v. Salt Lake & O. Ry. Co.,* 35 Utah, 509, 101 Pac. 579.)

There is no merit in the next three assignments, and for that reason we shall not discuss them.

Nor did the court err in sustaining the objection of respondent's counsel to a certain question asked by appellant's counsel of Mr. Howard, who testified as a witness on behalf of appellants. The question was propounded on redirect examination. On cross-examination the witness had been asked with respect to whether Mr. Nielson had not sold certain rams, which in no way were related to or had any connection with the rams in controversy. On redirect counsel for appellants asked the witness this question: "How much did Nielson get a head for this whole lot he sold to Adams?" By this lot counsel meant a certain lot of sheep. The court refused to permit the witness to answer over respondent's objection. We cannot conceive how appellants were prejudiced by this ruling. Moreover the ruling was clearly right, if for no other reason than that the question **5, 6, 7**

was not proper redirect examination. If the ruling was right for any reason, the court committed no error.

The next assignment refers to a question asked a witness with regard to the number of sheep appellants had returned to respondent, and the witness answered "192." Counsel contend this eveidence was entirely immaterial. If their theory of the case were accepted as the true, or only possible one, this contention might be sound. Under respondent's theory of both the facts, and the law applicable thereto, the evidence was, however, quite material. What weight, if any, the answer of the witness should be given, under all the circumstances, was a question for the jury. The court committed no error in permitting the answer. Again, if the court erred in permitting it, we cannot see in what way the answer was prejudicial to the appellants' rights.

The next assignment relates to the exclusion of appellants' Exhibit No. 4. The exhibit was an agreement in writing entered into between a witness for respondent and one of the appellants relative to a sale and transfer of a large number of sheep. The witness had testified to the condition and value of the sheep respondent had bailed and delivered to appellants under the contract in question, and also to the value and condition of those that appellants had redelivered to respondent under said contract. Exhibit No. 4 contained certain statements with respect to the condition and value of the sheep therein referred to, which statements appellants' counsel contend did not square with the statements of the witness while testifying in this case. It is also contended that the statements contained in Exhibit No. 4 and the statements of the witness were contradictory or conflicting, and therefore the exhibit should have been admitted to contradict the statements of the witness with a view of affecting his credibility. An examination of the bill of exceptions again discloses that counsel were not hampered in any way in getting before the jury all matters that in any way affected or could affect the credibility of the witness above referred to. Exhibit No. 4 was not proper evidence for any purpose in this case, and, in view of the surrounding circumstances,

what was contained therein was not an admission of any fact by the witness which would in any way have contradicted or affected the weight of his testimony, even though the writing had not been excluded for other good and sufficient reasons. The court committed no error in excluding the exhibit.

It is very strenuously insisted that the court erred in overruling appellants' motion for a new trial. The apparent contention—indeed, the only available one, in view of what we have already said—is that a new trial should have been granted upon the ground of misconduct on the part of counsel for the prevailing party. The alleged misconduct is made to appear from an affidavit made by counsel for appellants. The affidavit is to the effect that counsel for respondent, at the trial, and during his closing argument to the jury, "frequently referred" to certain pleadings which were attempted to be filed in a former action, and to which we have already referred; that the pleadings so referred to by counsel were in fact not permitted to be made a part of the pleadings in the former action, and never were offered or introduced in evidence in the present action; that, in answer to appellants' counsel's argument that the present action was commenced in bad faith, and without right on the part of respondent, counsel for respondent referred to said pleadings and to their contents, and argued to the jury that the reason that the matters complained of in the present action were not litigated in the former action was because the court on motion of appellants had eliminated the same from the pleadings in said action. Counsel for appellants therefore contend that in this way, and over their objection, respondent's counsel was permitted to refer to extrinsic facts not in evidence, and by reason thereof appellants were prejudiced before the jury. In view of what is contained in the answer of appellants, and in the light of all that transpired at the trial in the presence of the court and jury, as disclosed by the record, we are not prepared to assent to counsel's conclusions, namely, that respondent's counsel had not the right to make the answer he did make to the arguments of counsel for appellants, or that making it in the manner it was made

that appellants were prejudiced, or that they can now complain. In appellants' answer filed in this case all the pleadings in the former action—that is, the complaint, the amended complaint, the so-called cross-complaint, and the reply thereto—were all "made a part hereof by reference;" that is, all the pleadings in the former action were made a part of appellants' answer by reference. The matter objected to was contained in one of the pleadings aforesaid, but was not permitted as a part of the pleadings or issues in that case. It is apparent, however, that appellants intended to, and for the purpose of bringing the former pleadings, whether they controlled on the former trial or not, into this case, they made them a part of their answer by reference. Whether pleading by reference is good practice or not is not the question now. The only question is whether appellants did not by their own act make the former pleadings a part of the answer in this case to the same extent as if the same had actually been incorporated into their answer. If they did, and we are of the opinion that this was both the intended and actual effect of what was done, then counsel for the respondent had the same right to refer to the pleadings in the former action that he he had to refer to anything that was contained in appellants' answer, and no one contends that he was not authorized to refer to matters contained in the answer, although not formally introduced in evidence in this case. In view of all the conditions and circumstances disclosed by the record in this case (and our decision is limited to these), we are of the opinion that the trial court would not have been justified in granting a new trial upon the ground just discussed, and hence appellants have no legal cause for complaint.

One cannot read the brief of counsel for the appellants without being impressed that they feel that their clients have been prejudiced by the rulings of the trial court in the matters to which we have referred. Upon reading the entire record, however, the disinterested and unbiased mind becomes convinced that the alleged errors are more apparent

than real—technical rather than substantial.  Many, if not all, of counsels' contentions must, therefore, be attributed to their zeal in attempting to protect at all hazards the interests of their clients.  Zeal, when not permitted to go to extremes, is not only pardonable, but even commendable.  Counsel should, however, remember that zeal, like the microscope, magnifies and distorts only to him who applies it to the object or image.  To all others all things retain their natural size and due proportions.  The court in dealing with a subject must therefore deal with it in its natural proportions, and in doing so must necessarily disappoint counsel at times.  In this case the evidence is such that the jury might well have rendered a verdict for a larger amount for the respondent, and they would also have been fully justified in finding in favor of the appellants.  These matters, however, were for the jury to determine, and if they did so under proper directions from the court, with regard to the law applicable to the facts, the judgment of the jury must prevail, although not in accord with what we might have done.  In looking over the entire charge of the court, we cannot find anything except mere verbal inaccuricies, which, however, were not of the character that would either benefit one side or prejudice the other.  In the trial of the case the court was very liberal in admitting evidence, and both sides were given ample opportunity to develop their respective theories and to present them to the jury.  After viewing the case in the light of the whole record, we are unable to find any prejudicial error on the merits of the case.

Finally, it is contended that the court erred in overruling appellants' motion to retax costs.  The record as presented on this point is not satisfactory.  So far as the record discloses, the only evidence with respect to the matters complained of was hearsay, and hence the court might have ignored it.  Assuming, however, for the purposes of this decision that the evidence was sufficient to raise the point, the question still remains whether appellants' contentions should prevail.  The matter arose as follows  Respond-

ent, before the trial, had a subpoena issued in due form, in which the names of at least four of his witnesses were inserted. These witnesses lived in Salt Lake County, but some distance from Salt Lake City, where the court was held. The return of the sheriff showed due service on the witnesses named, and they all attended and testified in the case. Counsel for appellants in his affidavit in support of the motion to retax costs, in substance, states that the deputy sheriff told counsel that the deputy had served the subpoena as follows: After receiving the subpoena he telephoned the witnesses at their homes that he had a subpoena for them requiring their attendance at the trial of this case; that the witnesses thereupon came to Salt Lake City, and, when they arrived there, the sheriff gave each of them a copy of the subpoena, and made service and return as required by law. Section 994, Comp. Laws 1907, in substance, provides that every witness "legally required to attend the district court . . . is entitled to $1.50 for each day's attendance, and twenty cents for each mile actually and necessarily traveled, in going only." Section 3419, in part, provides that the "service of a subpoena is made by showing the original and delivering a copy, or a ticket containing its substance, to the witness personally, or by leaving a copy with some suitable person at the place of his abode." Service of subpoenas may be made by any person.

It is contended that the witnesses were not properly served with subpoenas, and were not "legally required to attend the district court," and hence not entitled to milage. Counsel have not referred us to any authorities upon the subject, and have submitted the matter upon the several sections of the statute we have referred to. In view of the authorities that we have been able to find by independent research, we think a witness within the distance that he could be legally required to attend court when served with a subpoena may waive the manner of service and may accept service in some other form, though not in strict compliance with the statute, and, when he does so, he will be required to respond in obedi-

ence to the subpoena the same as though served in strict conformity with the statute.

In the case entitled *Mt. Olivet, etc., Ass'n v. Dalton,* 53 Mo. App. 345, the rule, as stated in the syllabus, is as follows: "A witness, who accepts service of a subpoena, attends under process and not voluntarily, and is entitled to his costs, including mileage." This case is followed in *McHoney v. Kerwin,* 56 Mo. App. 459. In *Feree v. Strome,* 1 Yeates (Pa.) 303, it is held that "a witness may by his own act dispense with the legal forms of serving a subpoena, and will be under contempt for non-attendance." Practically the same rule is laid down in *Chic., etc., Ry. Co. v. Dunning,* 18 Ill. 494. In *Pike v. Nash,* 16 How. Prac. (N. Y.) 53, it is held that a witness, although served at a point other and nearer to the court than his home, is nevertheless entitled to mileage for the entire distance between the court and his home. The doctrine laid down in the foregoing cases seems both reasonable and just. Suppose the sheriff a day or several days before the trial of this case had met respondent's witnesses in Salt Lake City, and had there served them with the subpoena in due form, could they not have gone to their homes in the meantime and on the day they were required to attend court have returned to Salt Lake City, and thus become entitled to mileage for the distance between their home and Salt Lake City? Where is there any difference in principle between the supposed case and the one at bar? In this case the witnesses were in fact duly served with a subpoena, but the service was made in Salt Lake City, and not at their homes. The witnesses in a strict legal sense were then legally required to attend court, although they were served at a place other than their homes. We think a reasonable construction of our statute with respect to the allowance of mileage requires us to hold that mileage be allowed for the entire distance between the home, the abode of the witness, and the place where the court is held, or where he is required to attend, and not only from the place where he was served with a subpoena. From what we have said, we do not wish to be understood as holding that a witness may claim

mileage from his home in case he is suddenly called on to testify while he is in court, or if found in the street or elsewhere at or near the place of holding court. What we mean is that if a witness leaves his home in obedience to a subpoena, or if he is served with a subpoena while away from home, and, before being required to testify, he, in due course of his business, returns to his home, then the foregoing rule applies, and the witness is entitled to mileage. In this case there is no evidence that the witnesses were not served some time before the day of the trial, and that they did not in due course of business return to their homes and from thence return to testify in the case. The ruling of the court, therefore, cannot be said to be erroneous. If such is not the construction to be placed upon the statute, then litigants may frustrate the entire purpose of the statute by watching for and embracing the opportunity to serve witnesses when they are at or near the place where court is held. Moreover, we cannot see why a witness may not waive strict compliance with the statute with respect to service of a subpoena, and yet be legally required to attend court. No doubt in order to be required to attend the witness in the first instance may insist upon strict legal service, but it seems to us that the decisions in which it is held that he may accept substituted service and still be required to attend are manifestly based on good reason and sound legal principles.

In so far as the facts disclosed by the record are concerned the trial court could therefore have adopted either view of the law as outlined herein, and still have avoided legal error in overruling appellants' motion to retax costs.

The judgment, therefore, should be, and it accordingly is, affirmed, with costs to respondent.

McCARTY, J., and LEWIS, District Judge, concur.