CHARLES W. COUSINS v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

June 26, 1914.

Nos. 18,603—(146).

**Interstate commerce — Federal Employer's Liability Act.**

Defendant is a common carrier by railroad engaged in interstate commerce. Plaintiff, an employee, was injured by the negligence of his fellow servants while engaged in wheeling a barrow of coal to heat the shop in which other employees were engaged in making repairs to cars that had been and were to be used in carrying interstate commerce. It is *held:*

Plaintiff, at the time of his injury, was engaged in and employed by defendant in interstate commerce, and entitled to the benefits of the Federal Employer's Liability Act.

[1] Reported in 148 N. W. 58.

Note.—The authorities on the constitutionality, application, and effect of the Federal Employers' Liability Act are reviewed in an extensive note in 47 L.R.A. (N.S.) 38.

Action in the district court for Ramsey county to recover $15,000 for personal injury received while in the employ of defendant. The answer denied that the injury was caused by any negligence on the part of defendant or its employees and alleged that the accident resulted from the negligence of plaintiff and that his negligence contributed to the accident. It also denied that at the time and place of the accident plaintiff was engaged in interstate commerce work. The case was tried before Brill, J., and a jury which returned a verdict of $2,000 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Butler & Mitchell,* for appellant.

*Samuel A. Anderson* and *A. S. Storey,* for respondent.

BUNN, J.

Plaintiff was a laborer employed by defendant in its yards and shops at Paducah, Kentucky. He brought this action to recover for personal injuries received while he was wheeling a barrow full of coal to one of the car repair shops. The coal was intended for use in heating stoves in a shop where employees of defendant were engaged in repairing cars. Four tracks entered this shop or shed, upon which tracks bad-order cars were placed and repaired. Defendant was engaged in interstate as well as intrastate commerce, and many if not all of the cars repaired in the shop were cars that moved only in interstate commerce. The trial court held as a matter of law that plaintiff was at the time of the accident engaged in interstate commerce within the meaning of the Federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 St. 65 [U. S. Comp. St. Supp. 1911, p. 1322]) and therefore that he was entitled to recover damages in accordance with the provisions of that act, if the accident was caused by negligence on the part of his fellow servants. There was a verdict for plaintiff, and defendant appealed from the judgment entered on the verdict, after its motion for judgment notwithstanding the verdict or for a new trial had been denied.

The assignments of error present but a single question: Was plain-

tiff engaged in interstate commerce at the time he was injured? If he was, the judgment must stand; if not, it must be reversed.

The men in the shop were engaged in repairing cars that had been and were to be used in interstate commerce. Plaintiff, when he was injured, was wheeling coal to be used in heating the shop so that these men could do their work. The question is to be determined from the language of the Federal Act[1] and the Federal decisions construing it. The act makes a common carrier by railroad, while engaged in commerce between any of the several states, liable for the negligence of its employees to any person suffering injury, *while he is employed by such carrier in such commerce.* In Pedersen v. Delaware, Lackawanna & Western R. Co. 229 U. S. 146, 33 Sup. Ct. 648, 57 L. ed. 1125, the court said: "The true test always is: Is the work in question a part of the interstate commerce in which the carrier was engaged?" It was held that a man carrying bolts to be used in repairing a railroad bridge over which interstate commerce moved was employed in interstate commerce. The court found no merit in the point that plaintiff was not actually repairing the bridge when injured, but was merely carrying to the place where the work was to be done some of the materials to be used therein, saying: "It was necessary to the repair of the bridge that the materials be at hand, and the act of bringing them there was a part of the work. In other words it was a minor task which was essentially a part of the larger one, as is the case where an engineer takes his engine from the roundhouse to the track on which are the cars he is to haul in interstate commerce." The Pedersen case, the cases cited therein with approval, and the case of St. Louis, etc. Ry. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 655, 57 L. ed. 1129, as said by the Chief Justice in Peery v. Illinois Central R. Co. 123 Minn. 264, 269, 143 N. W. 724, "leave no fair doubt of the intention of the Supreme Court to give a liberal and substantial construction to the statute, as well as a broad application thereof to particular facts."

That the men engaged in repairing the cars were employed in interstate commerce is well settled. That an employee, carrying materials

[1] 35 St. 65 [U. S. Comp. St. Supp. 1911, p. 1322]

to the shop to be used in repairing the cars, would be employed in interstate commerce, the Pedersen case decides. It seems no extension of the construction thus given to the statute to hold that an employee carrying coal for use in heating the shop where the repairs were made is employed in interstate commere. The repairs could not be made unless the shop was heated. It is not material what our own views are on the proper construction of the Federal statute. We are bound by the decisions of the Supreme Court of the United States. We think the Pedersen case controls the case at bar. It is worth mentioning again that the contention of counsel in the Pedersen case was to the effect that Pedersen was not engaged in work that had a direct connection with interstate commerce, but was engaged merely in duties tending toward the manufacturing of something which was afterwards to be used in interstate commerce, and therefore that his connection was entirely too remote to be covered by the act. This contention is expressly overruled in the opinion, though the court states that it is not concerned with the construction of tracks, bridges, engines or cars that have not yet become instrumentalities of interstate commerce, but only with the work of maintaining them in proper condition after they have become such instrumentalities and during their use as such.

Counsel for defendant correctly say that the decision in the Pedersen case has apparently warranted the conclusion that the Federal Supreme Court would ultimately construe the Act of Congress as applicable to practically all employees of interstate railroads, except possibly those engaged in the work of new construction of instrumentalities as distinguished from repairs upon old instrumentalities. But they refer to the case of Illinois Central R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. ed. 1051, decided by the Supreme Court April 27, 1914, as indicating a less liberal construction of the act. We do not see that the Behrens case is in point. The employee was at the time of the injury engaged in moving cars loaded wholly with intrastate freight from one part of the city to another, and it was held that this was not a service in interstate commerce. Under the test laid down in the Pedersen case and approved in the Behrens case:—"Is the work in question a part of the interstate commerce

in which the carrier is engaged?"—it was decided that the employee. was not engaged in interstate commerce at the time he was injured, because the injury was not suffered while the carrier was engaged in interstate commerce. It is to be noted that the decision of the lower court in the Behrens case, 192 Fed. 581, was cited by counsel in the Pedersen case, but was not referred to in the decision. It was evidently not regarded as in point.

Our conclusion is that plaintiff was engaged in interstate commerce at the time he was injured.

Judgment affirmed.