# ROBERT H. PEERY v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

December 31, 1914.

Nos. 18,946—(168).

**Federal Employer's Liability Act.**

　　1. Ruling on a former appeal in this case, that it is within the operation of the Federal Employer's Liability Act, adhered to. ·

**Reading pleadings to the jury error.**

　　2. The failure of the trial court to heed the views of this court, heretofore expressed, with regard to reading pleadings to the jury in the course of the charge, *held* error, but not prejudicial so as to warrant reversal.

**Damages not excessive.**

　　3. Verdict of $9,000, reduced by the trial court from $12,000, *held* not excessive, in an action by a railroad conductor for damages sustained through the negligence of defendant.

After the former appeal, reported in 123 Minn. 264, 143 N. W. 724, the case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $12,000. Defendant's motion for judgment in its favor notwithstanding the verdict was denied. Its motion for a new trial was denied, if plaintiff consented to a reduction of the verdict from $12,000 to $9,000. From that order defendant appealed. Affirmed.

*Butler & Mitchell,* for appellant.

*Samuel A. Anderson* and *A. F. Storey,* for respondent.

PHILIP E. BROWN, J.

In this, an action for personal injuries based upon the Federal Employer's Liability Act, plaintiff had a verdict. Defendant appealed from an order denying its alternative motion. ·

[1] Reported in 150 N. W. 382.

Note.—As to the constitutionality, application and effect of the Federal Employer's Liability Act, see note in 47 L.R.A.(N.S.) ·38.

1. The case was here on plaintiff's appeal, reported in 123 Minn. 264, 143 N. W. 724, where the facts are stated and it was held, upon substantially the same evidence presented by the present record, that the Federal act applied, or at least that its applicability should have been submitted to the jury; the only new fact brought out on the second trial in this connection being that plaintiff, a freight conductor, at the time of his injury, was making out his reports showing the amount and causes of delays at or between stations, covering the entire trip from and back to Paducah.

Defendant contends that the evidence was insufficient to justify a finding that plaintiff, when injured, was either employed or engaged in interstate commerce, and, further, that in any event it was error to determine this question in his favor as a matter of law as the court below did, instead of submitting it to the jury. Taking up the latter question first, we find no error. The facts being undisputed and the inferences clear, there was nothing for the jury to pass on in this connection.

On the main question, defendant urges that the decision of the United States Supreme Court, in Illinois Central R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. ed. 1051, Ann. Cas. 1914C, 163, rendered since the case was here before, requires the overruling of our former holding. In Cousins v. Illinois Central R. Co. 126 Minn. 172, 148 N. W. 58, the Behrens case was considered in connection with the Pedersen case, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. ed. 1125, Ann. Cas. 1914C, 163, on which the decision on plaintiff's appeal was largely based, Mr. Justice Bunn saying [p. 175]:

"Counsel for defendant correctly say that the decision in the Pedersen case has apparently warranted the conclusion that the Federal Supreme Court would ultimately construe the act of Congress as applicable to practically all employees of interstate railroads, except possibly those engaged in the work of new construction of instrumentalities as distinguished from repairs upon old instrumentalities. But they refer to the case of Illinois Central R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. ed. 1051, Ann. Cas. 1914C, 163, decided by the Supreme Court April 27, 1914, as indicating a less liberal construction of the act. · We do not see that the Behrens case is in

point. The employee was at the time of the injury engaged in moving cars loaded wholly with intrastate freight from one part of the city to another, and it was held that this was not a service in interstate commerce."

This court held, that "under the test laid down in the Pedersen case and approved in the Behrens case," namely, whether the work in question was a part of the interstate commerce in which the carrier was engaged, an employee of an interstate and intrastate carrier, who was wheeling coal for use in the company's shops where cars were being repaired which had been and were used in interstate commerce, was within the protection of the Federal act.

We have considered the Behrens case in the light of counsel's argument, and, finding nothing therein inconsistent with the views expressed in our former opinion, adhere thereto.

2. Error is assigned to the action of the court in reading, in the course of its charge, portions of the complaint. This was error, as to which nothing need be added to what was said in Savino v. Griffin Wheel Co. 118 Minn. 290, 294, 136 N. W. 876. However, error does not warrant a reversal unless coupled with prejudice; and, taking the charge as a whole we are unable to say that defendant was prejudiced by the court's failure to heed the views heretofore expressed by this court upon the practice in question. Moreover, no objection was made thereto on the trial.

3. Defendant claims that the damages were so excessive as to appear to have been awarded under the influence of passion or prejudice. The court reduced the verdict from $12,000 as rendered, to $9,000. Plaintiff, at the time of his injury, was 38 years old, and earning from $125 to $130 per month. Up to the time of the last trial he had been practically idle for more than two years; and it also appeared that, besides minor injuries, his height was reduced two inches, and that he now has a forward curvature and stiffness of the upper portions of his spine and in his neck, resulting in a permanently stooped position. The evidence, which it is not necessary to discuss in detail except to say that the medical testimony was sharply and unusually conflicting, was ample to sustain a finding of stiffness in the right shoulder joint, resulting in inability to raise the arm

above a horizontal position; that these conditions were permanent; that plaintiff was likely to be considerably incapacitated, and would suffer more or less pain. We are unable to say that the verdict warrants the imputation contended for or that, as reduced, it is excessive.

Order affirmed.

On February 5, 1915, the following opinion was filed:

PER CURIAM.

This is an appeal from a judgment. The facts, and the law applicable thereto, are sufficiently stated on an appeal from an order in the same case reported above. For the reasons there stated it is ordered that the judgment stand affirmed.