PULLIN v. FIRST NATIONAL BANK OF RENSSELAER, INDIANA.

[No. 12,897.   Filed November 4, 1927.]

1. PLEADING.—*Pleadings are taken as true as against the pleader, and may be used as admissions by adverse party.*— Pleadings filed in a cause are taken as true as against the pleader, on the theory that they are admissions in writing, and they may be used as such by the adverse party.   p. 477.

2. ESTOPPEL.—*Answer of estoppel held sufficient.*—In an action against a bank for money had and received, an answer admitting that defendant's cashier had received certain checks to be credited to plaintiff's indebtedness to the bank but had failed to do so, and that plaintiff, with knowledge of all the facts, failed to inform any officer of the bank, other than the cashier, of such facts, to its injury, was sufficient to constitute a defense to the action by way of estoppel.   p. 478.

3. APPEAL.—*Directing verdict for defendant who pleaded estoppel and counterclaim not reversible error in absence of evidence.* —The action of the trial court in directing a verdict for the defendant will not be cause for reversal in the absence of the evidence from the record, notwithstanding admissions in an answer of estoppel tending to support the averments of the complaint, as there may have been undisputed evidence establishing the defense of estoppel or a counterclaim pleaded by the defendant.   p. 478.

4. PLEADING.—*Admissions in affirmative paragraph of answer did not relieve plaintiff from proving allegations of complaint, general denial being pleaded.*—Admissions in a paragraph of answer of estoppel tending to support the averments of the complaint were without force as to the issue presented by the complaint and a general denial thereto, and did not relieve the plaintiff from proving the material allegations of his complaint. p. 479.

From Lake Circuit Court; *John B. Peterson*, Special Judge.

Action by Winifred Pullin against the First National Bank of Rensselaer, in which the defendant filed a counterclaim. From a judgment for defendant, the plaintiff appeals. *Affirmed.*   By the court in banc.

*John A. Dunlap*, for appellant.
*George E. Hershman*, for appellee.

NICHOLS, J.—Action by appellant against appellee, the complaint in one paragraph alleging that one John R. Lewis paid a sum of money to appellee for the use and benefit of appellant and that appellee promised and agreed to pay said sum of money to appellant.

Appellee answered in general denial and a further paragraph of estoppel. Appellee also filed a counterclaim seeking judgment upon a promissory note signed by appellant in favor of appellee. Appellant replied in general denial to the second paragraph, and to the counterclaim.

The cause was submitted to a jury on the issues, and, after appellant had rested his case, the court, upon motion of appellee, peremptorily directed a verdict for appellee upon the complaint.

Thereupon appellee introduced its note in evidence, an agreement was had as to the amount of attorney's fees, and both parties rested, whereupon the court directed a verdict in favor of appellee upon its counterclaim. Judgment was rendered on the verdict. Appellant's motion for a new trial was overruled, and this appeal followed, appellant assigning as error the action of the court in overruling his motion for a new trial, under which he complains that the court erred in peremptorily instructing the jury to return a verdict for appellee.

The bill of exceptions was not signed by the judge and the purported evidence is not in the record, and the question arises as to whether there was any evidence upon which a jury could find a verdict for appellant. It is appellant's contention that the admissions contained in the second paragraph of answer were sufficient to carry the case to the jury. This paragraph of answer avers that on September 20, 1919, appellant was indebted to appellee in various amounts, the total of which exceeded $1,000, which indebtedness was evi-

denced by promissory notes. At that time, one Leatherman was cashier of appellee bank, and the appellant and one Lewis were engaged in raising pure bred hogs in Jasper county, Indiana, and by reason of certain business transactions between Lewis and appellant, Lewis became indebted to appellant in the sum of $1,000. On said September 20, 1919, Lewis received $1,000 for the sale of a hog belonging to appellant and the draft in payment therefor was deposited in appellee bank to the credit of Lewis. On or about said date, Lewis drew two checks upon appellee bank payable to appellant and delivered them to Leatherman, who was instructed by appellant to credit the amounts of said checks to appellant's indebtedness to the bank. Leatherman wholly failed and neglected so to credit said indebtedness of appellant to the bank and permitted Lewis to retain said amount in his account. Appellee never received the money of appellant, but instead Lewis received said money and used and spent it. Within six months thereafter, appellant had knowledge that the checks in the total sum of $1,000, signed by Lewis and payable to appellant, had not been credited upon his indebtedness, nor had he received credit for the same upon his checking account. Leatherman continued as cashier of said bank up to July 7, 1921, and between said September, 1919, and July 7, 1921, he was in good repute morally and financially in and about Rensselaer, Indiana, the place of business of appellee bank, and, on numerous occasions between said dates, he had on deposit in appellee bank several thousand dollars and more than sufficient to pay the amount sued upon, and his credit, financially and morally, during that period of time, in and about said community, was excellent and unquestioned. On July 7, 1921, Leatherman resigned as cashier of appellee bank and shortly thereafter made an

assignment of all his property, real and personal, as an insolvent debtor.

During the period of time between September, 1919, and July, 1921, said Lewis was in financial difficulty and was of doubtful credit. During the period of time appellant, on numerous occasions, renewed his indebtedness to the bank and obtained renewals and refinancing of his business, all with the knowledge that said Leatherman had violated his instructions as to the checks for $1,000 in his favor and signed by Lewis and with the knowledge that he had not received credit therefor either upon said indebtedness or upon his checking account at the bank. Appellant wholly failed and neglected to inform any officer of the bank or director other than Leatherman of the fact that he had not received credit for said $1,000 during all of said period of time, and did not inform the bank thereof until shortly before the filing of the complaint in this action, but remained silent concerning said facts during all of said time. The bank was ignorant of the facts surrounding said transaction hereinbefore recited. Appellant remained silent as to said facts and concealed said facts with the intent and the desire to aid Leatherman and Lewis, and with the desire to obtain renewals of the indebtedness which he owed the bank during said time, and with the intent to delay the collection of said indebtedness which he then owed and now owes the bank. By remaining silent as to the facts concerning said transaction and by concealing the same, appellant obtained renewals of his indebtedness to the bank, and, by not informing officials of said bank of the facts concerning said transaction, he delayed the collection of his indebtedness to the bank, and it lost all opportunity to secure itself against the said neglected acts of Leatherman, although had appellant notified said directors of said bank, all of whom were well known

to him, during said period of time when Leatherman's credit was good and while said Leatherman had money on deposit with the bank, it was in a position to and could have and would have secured itself against all loss by reason of the said negligent acts of Leatherman, its cashier. The estate of Leatherman is insolvent and the creditors thereof will realize nothing upon any claims they have against it. Had not appellant so concealed said facts and remained silent as to said transactions, neither appellant nor appellee would have lost anything by reason of said transaction. Since the resignation of Leatherman as cashier, Lewis has become a bankrupt and is now without property or credit. By reason of the foregoing alleged facts, appellant is estopped from suing and recovering upon his complaint and appellee demands judgment. It is appellant's contention that appellee, in its paragraph of answer by way of estoppel, admits that on September 20, 1919, Leatherman was cashier of appellee bank; that on said date, Lewis received $1,000 from the sale of a hog belonging to appellant, and deposited the draft therefor in the bank to the credit of Lewis; that Lewis then drew two checks upon the bank, payable to appellant and delivered them to Leatherman, who was instructed by appellant to credit said checks to appellant's indebtedness to the bank; that Leatherman wholly failed and neglected so to credit said indebtedness and permitted Lewis to retain said amount in his account.

It is the law that admissions in pleadings filed in a cause are taken as true against the pleader on the theory that they are admissions in writing, and they may be used and commented on. *New Albany, etc., Road Co.* v. *Stallcup* (1878), 62 Ind. 345; *Bell* v. *Pavey* (1893), 7 Ind. App. 19, 33 N. E. 1011.

Appellant contends that the admissions in the second paragraph of answer, which, as he claims, supported

appellant's cause of action, should have been submitted to the jury, and it was an invasion of the province of the jury for the court to give a peremptory instruction taking the case from the jury, citing a long list of authorities to the effect that where there is any evidence, direct or inferential, that tends to support the plaintiff's cause of action, a verdict should not be directed for defendant. As we view the second paragraph of answer, taken as a whole, it contains averments sufficient to constitute a defense to appellant's action, by way of estoppel, conceding that there are admissions therein as claimed by appellant. *Farmers Bank* v. *Orr* (1899), 25 Ind. App. 71, 84, 55 N. E. 35. In the absence of the evidence, we cannot say that the court erred in directing the jury to return a verdict for appellee, on both the complaint and the counterclaim, for there may have been undisputed evidence establishing not only the defense of estoppel, but the averments of the counterclaim as well.

Further, the alleged admissions in the second paragraph of answer, at most, are conclusive only as to that paragraph, and they cannot be used upon issues joined by the general denial to the complaint. As was said in *Ray* v. *Moore, Admr.* (1900), 24 Ind. App. 480, 489, 56 N. E. 937, the admissions made in one pleading are conclusive as to that pleading, but cannot be used as evidence in issues joined in other pleadings. That case, in addition to citing other authorities, quotes from Pomeroy, Remedies and Remedial Rights §724, as follows: "When a denial is pleaded in connection with a defense of new matter, or two defenses of new matter are set up, the admissions in the one can never be used to destroy the effect of the other. The concessions of a defense by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal. Even in

those states where inconsistent defenses are not permitted to stand, the remedy is by striking out, or by compelling an election, and not by using the admissions of one to destroy the issues raised by the other."

In the light of these authorities, we hold that if it be conceded that the alleged admissions are effective against appellee as to his second paragraph of answer, they are without force as to the issues joined on appellee's general denial to the complaint, and appellant was not relieved from proving the material allegations of his complaint. So far as the record shows, this was not done, and we cannot say, therefore, that the court erred in giving its peremptory instruction to the jury.

Judgment affirmed.

Dausman, J., absent.