## ANNA HORK v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 25, 1935.

No. 30,136.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.

*Ossanna, Hall & Hoaglund* and *Charles E. Carlson,* for respondent.

STONE, JUSTICE.

In this action for personal injuries, plaintiff had a verdict. Defendant's alternative motion for judgment notwithstanding or a new trial was denied upon condition that plaintiff consent to a reduction. That consent was given, and defendant appeals.

Plaintiff was injured while riding in a truck which was run into from the rear by one of defendant's street cars. There was evidence for plaintiff that the truck was standing at the time. There was opposing testimony for defendant that the truck suddenly and

[1] Reported in 258 N. W. 576.

without warning checked its speed or stopped on the track and in front of the street car. On such conflicting evidence, the verdict settles the issue of liability. There must be, however, a new trial of the issue of the amount of plaintiff's damage.

In summing up to the jury, counsel for defendant offered to read paragraph 4 of the complaint. His point was that its lengthy and detailed enumeration of multifarious injuries alleged to have been sustained by plaintiff did not include an umbilical hernia, to the existence of which, as result of the accident, much of plaintiff's most important evidence on the issue of damages was directed. The complaint was unverified, and no part of it had been offered in evidence. The paragraph in question, quoted below,* is well open to the argument that by plain implication it is an admission by plaintiff that at the time the complaint was drawn, August 30, 1932, the hernia had not made its appearance, whereas her evidence tended to prove that it had manifested itself some weeks earlier. The reading of the paragraph to the jury was objected to for plaintiff and the objection sustained. That ruling was prejudicial error

---

*"That by reason of, and as a direct and proximate result of the careless, reckless, wanton and grossly negligent acts of the defendant aforedescribed, plaintiff was caused to come into contact with many and diverse hard particles and substances and was caused to be made generally sick, sore, lame and disabled, and was caused to suffer a severe concussion of the brain, numerous bruises, contusions, abrasions and lacerations in and about her head; was caused to suffer numerous bruises, contusions, abrasions and lacerations in and about the region of the cervical and dorsal spine and that plaintiff was caused to suffer numerous bruises, contusions, abrasions and lacerations in and about her chest, in and about her right side and in and about her ribs. Plaintiff was caused to suffer bruises, contusions and abrasions in and about her right shoulder. The tendons, ligaments and nerves in and about her neck, shoulder, chest, back and sides were severely torn, wrenched, strained and sprained. That plaintiff was caused to suffer severe internal injuries, the full extent of which are at this time unknown to plaintiff, but that she has been informed and believes that they are of a permanent nature. That plaintiff was caused to suffer great physical pain and mental agony and to suffer a severe shock to her entire mental and nervous system, all to her general damage in the amount of fifteen thousand ($15,000.00) dollars."

for which there must be a new trial of the issue of damages alone. The error could have had no effect upon the jury's decision of the question of liability.

We are aware that there have been times in some jurisdictions when a case was "ordinarily opened by reading the pleadings." Thompson, Trials (2 ed.) § 260. But under modern conditions that practice is nothing more than a bad habit. It has on occasion been indulged by some trial judges, with our repeated disapproval. Savino v. Griffin Wheel Co. 118 Minn. 290, 136 N. W. 876; Peery v. Illinois Cent. R. Co. 128 Minn. 119, 150 N. W. 382, 1103. The practice must not be condoned or allowed to continue because, first, there is nothing to justify it, and, next, it is too much open to abuse. Too many pleadings have been open to the suspicion of having been drawn to enable the author to get before the jury claims, or even mere suggestions, without support of evidence. .

The one justification assigned for reading pleadings to the jury has been that it states for them the issues. The latter are framed by the pleadings. But the function of stating and explaining them to the jury is that of counsel in opening their case and again, if need be, in summing up. Above the advocates is the trial judge, and he is the arbiter in the determination of what issues are properly presented by the pleadings and so for trial. By both court and counsel the issues should be stated with the least possible obvious reference to pleadings or quotations therefrom. Mere adornment of legal verbiage, still too much used, should be disregarded and the statement to the jury put in the simplest possible terms.

With so much by way of preface, we come to the precise question before us. May counsel, in argument to the jury, read from his adversary's pleadings anything that amounts to an admission, even where the pleading is unverified and not offered and received in evidence, as was the case here? Unhesitatingly we answer in the affirmative. "While there are decisions to the effect that, unless pleadings are in evidence, they should not be read to the jury in argument, or commented on," we agree with the "many decisions" that "the allegations of a pleading are admissions of record proper

for the consideration of the jury and binding on the party making them, and may be read or referred to by counsel in closing to the jury, although not introduced in evidence." 64 C. J. 253. Among the numerous cases cited in support of that statement are Nelson v. Pauli, 176 Wis. 1, 186 N. W. 217; Dyas v. Southern Pac. Co. 140 Cal. 296, 73 P. 972; Pullin v. First Nat. Bank, 86 Ind. App. 473, 158 N. E. 579; Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701; Tisdale v. Delaware & Hudson Canal Co. 116 N. Y. 416, 22 N. E. 700; Holt v. Nielson, 37 Utah, 566, 109 P. 470.

Admissions, if material, are always admissible. Sometimes they have controlling weight with a trier of facts. There can be no more solemn admissions than those made by a pleading, the very purpose of which is so to state the pleader's claims that they may be submitted to a judicial tribunal for final determination. For that purpose they are drafted, submitted, and become part of the record. Although a part of the record, his own pleadings cannot be used by a party over objection because they are his own statements, prepared for the very purpose of putting his case in the best possible light. Hence they are ordinarily self-serving and so should not go before the jury at all. But when a party incorporates in a pleading an admission, an opposite condition is created, and the confession may be used by his adversary at any time during the trial and for any legitimate purpose, without introduction in evidence. It is already of the record and before the court as such, well advertised to anybody familiar with the pleadings, as presumably the litigants and their counsel are. It is a judicial admission, and introduction in evidence would be mere useless formality. 2 Wigmore, Evidence (2 ed.) § 1064. The only thing to be determined by the judge as a preliminary is whether the pleading is an admission or reasonably to be construed as such. If that be the case, it may be read to the jury at any proper time on behalf of the adversary.

Of course a pleading in another case, or one superseded by amendment, is out of the record and so not to be used unless offered and received in evidence, sometimes not even then. Vogel v. D. M. Osborne & Co. 32 Minn. 167, 20 N. W. 129. Absence of verification

by the party himself is immaterial upon the question of admissibility, although it may have something to say upon the weight of the pleading as evidence. Carpenter v. Tri-State T. & T. Co. 169 Minn. 287, 211 N. W. 463.

In the foregoing we do not mean to question or even criticize the cases wherein it has been held that, while the reading of pleadings to a jury was improper, it was yet, under the special circumstances of the case, not prejudicial error. Cases may arise where the work of the jury will be aided and the interests of justice not opposed even by letting the pleadings go with the jury during their deliberations. Such exceptional cases will present questions to be disposed of at the time in the wide discretion of the trial judge. All we hold now is that, even without its introduction in evidence, an admission in a pleading may be read to the jury by the adversary of the pleader, who has the right so to read it for whatever weight may properly attach to it. The refusal of that privilege in this case was prejudicial error, for which there must be a new trial, but one limited to the issue of the amount of damages only.

The order under review must be reversed and the case remanded for further proceedings pursuant to this decision.

So ordered.

HOLT, JUSTICE (dissenting).

I do not think the complaint can be construed as an admission that plaintiff did not suffer from hernia. And even if it could, it is only by implication. In such a case the pleading should not be read in final argument when plaintiff has not been questioned regarding the allegations or want of allegations during the trial. I therefore dissent.

DEVANEY, CHIEF JUSTICE (dissenting).

I agree with Mr. Justice Holt.