THE CHICAGO and AURORA RAILROAD COMPANY, Plaintiff in Error, v. JOSIAH D. DUNNING, Defendant in Error.

ERROR TO KANE.

A witness is bound to obey a subpœna whenever it comes to him; no matter whether served by an officer or person not an officer, or if sent to him by mail.

If a subpœna is served by an officer to whom the statute allows fees for the service, the fees may be taxed as costs; but when served by a person not an officer, fees will not be allowed or taxed.

A sheriff may appoint a deputy, who is not a party to the suit, to make service of a subpœna, who will be allowed fees.

A sheriff will not be allowed fees for serving a subpœna in his own cause.

AN agreement, as follows, was filed in this cause in the Kane Circuit Court, I. G. WILSON, Judge, at May term, 1855.

J. D. DUNNING
v.
CHICAGO AND AURORA R. R. Co.

It is agreed by the parties to this suit that the same be dismissed at the defendant's costs, to be taxed by the court, the plaintiff having received full satisfaction for all damages in said suit. May 14, 1855.

W. B. PLATO,
*Attorney for defendant.*

On same day judgment was rendered for plaintiff for his costs, to be taxed by the court.

From the bill of exceptions it appears that the clerk in the court below taxed the bill of costs in said suit, amounting in all to the sum of $80.71, and among other items allowed the plaintiff fees, for serving subpœnas on his own witnesses.

Defendant, by his counsel, moved the court to retax the costs in said cause, which motion was overruled by the court, to which decision of the court the defendant then and there excepted, and prayed an appeal, which was allowed and duly taken.

On the hearing of the application to retax the costs, the defendant introduced the bill of costs, taxed by the clerk, and objected to the fees, amounting in all to $41.11, allowed to the plaintiff therein for serving subpœnas himself, as deputy sheriff, on his own witnesses.

It appears that the plaintiff was deputed by the sheriff to serve the subpœnas, but was not a regularly appointed deputy sheriff; that he was not a sworn officer; that he gave no bail as deputy sheriff; and that he was the plaintiff in the suit, all which facts were admitted to be true by the plaintiff in the court below. That the said deputations were made for the reason that the sheriff was unable in person to serve said subpœnas; that prior to the service of two of the subpœnas for which plaintiff is allowed fees, the depositions of two of the witnesses had been taken; that the court affirmed the taxation of the clerk and refused to retax the costs and to strike out the fees allowed the plaintiff as deputy sheriff, to which decision the defendant, by his counsel, at the time excepted.

J. M. WALKER and W. B. PLATO, for Plaintiff in Error.

T. L. DICKEY, for Defendant in Error.

CATON, J.   Properly, a subpœna should be directed to the witness and not to the sheriff, as is generally the case with process issued out of a court, and the witness is bound to obey it, whenever it comes to his hands; no matter by what means. It may be served upon him by the sheriff, or the party, or any private person, or may be even sent by mail, and as the command is to the witness he is bound to obey it, whenever he receives that command.   When the subpœna is served by the sheriff, the statute allows him fees, but none are allowed to the party or other private person by the statute, and, consequently, no fees are collectable as costs; for it is only by force of the statute, that any costs can be collected by the successful of the unsuccessful party.   The sheriff may, no doubt,

make a deputy to serve a subpœna as well as other process, for whose services he is entitled to fees, the same as if he had done the service in person. Here Dunning was not a deputy sheriff, nor indeed could he be, for the purpose of serving these subpœnas, for he was a party to the action, and no one can act as sheriff or deputy sheriff, in his own cause. Even if the sheriff himself should serve a subpœna in his own cause, he would have to do it in his individual and not in his official capacity; and would not be entitled to fees for such service. The court erred in approving the taxation of costs by the clerk, for the service of the subpœnas by the party.

The judgment must be reversed and a retaxation of costs ordered.

*Judgment reversed.*