GEORGE L. SCHULTZE *et al.*

*v.*

MARY HOUFES.

*Filed at Ottawa September 25, 1880.*

1. DEED OF TRUST—*not a lien until money loaned is received.* The mere recording of a deed of trust to secure a loan of money does not create a lien upon the property, where the money has not, in fact, been received by the borrower. It becomes a lien against the rights and equities of a third person under a prior unrecorded mortgage, or trust deed, only from the time the money is, in fact, received.

2. RECORDING LAW—*priority of conveyances.* The owner of real estate gave a deed of trust to A to secure a prior indebtedness to B, which was left with the trustee to be placed on record. Afterwards C, in good faith, made a loan to the owner, taking notes and a second deed of trust to A to secure the same, which was placed on record, but no money was, in fact, paid by C to the borrower until some ten or twelve days after the recording, and the prior trust deed was recorded on the same day the money was advanced upon the second trust deed to C: *Held,* that, under our recording law, neither of the trust deeds could be regarded as prior to the other, and that, as the legal and equitable rights of B and C were equal, the equities of B, being first in point of time, must prevail over those of C.

3. SAME—*good as notice though not delivered.* It is immaterial whether a deed of trust was delivered to the trustee or not before it is recorded, to affect a subsequent purchaser with notice of the equities of the *cestui que trust* in the land therein conveyed.

4. COSTS—*discretionary in equity.* The awarding of costs in suits in equity is a matter of discretion in the court below.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was a bill in chancery, filed in the circuit court of Cook county by appellee against appellants, for the foreclosure of a deed of trust.

It alleged the following facts:

On February 5, 1870, appellee loaned John Nash $4500, for which he executed to her his promissory note and a mort-

| | |
|---|---|
| 96 | 335 |
| 141 | 261 |
| 96 | 335 |
| 86a | 109 |
| 86a | 111 |
| 96 | 335 |
| 187 | [1]378 |
| 187 | [2]379 |
| 187 | [2]380 |
| 187 | [2]382 |
| 96 | 335 |
| d93a | [2]133 |
| 96 | 335 |
| 195 | [1] 66 |

gage on certain premises, to secure the payment of the same, which note and mortgage were afterwards destroyed by the Chicago fire of 1871. Early in 1873, in pursuance of an agreement, appellee went with Nash to the office of Knauer Brothers, in the city of Chicago, to have new papers drawn up to replace those destroyed, and thereupon Knauer Brothers caused a note for $4500, dated February 5, 1873, due eighteen months after date, with interest at ten per cent, to be drawn up, and also a deed of trust on the same premises from Nash and wife to Edmund Knauer, one of the members of the firm, to secure the payment thereof, which deed of trust was duly delivered to said Edmund Knauer, and was acknowledged before Bruno Knauer, the other member of the firm, both of whom knew the contents thereof, and said trust deed was left with said Edmund Knauer, who was to have the same recorded.

Nash desired to procure another loan of $3000 upon the property, but could not obtain it by a second mortgage, and he and Knauer Brothers entered into a conspiracy to keep the trust deed of February 5, 1873, unrecorded, and get a release from appellee of the mortgage of February 5, 1870, and place it on record, so that the additional loan could be procured. They did procure from her a release, dated February 5, 1873, and it was filed for record March 28, 1873.

On March 26, 1873, in contemplation of procuring a loan from appellant Schultze, Nash executed a note, payable to Schultze, for $3000, dated March 26, 1873, and a trust deed on the premises in controversy, to secure the payment thereof, which trust deed was recorded on the following day. Schultze did not pay the money to Nash until long afterwards, the exact time being unknown to complainant. Said Knauer Brothers acted as the agents of Schultze in negotiating the loan, and at the time of its negotiation they knew of the existence of the other trust deed executed to secure the note in favor of complainant, and Schultze, at the time of paying over the money to Nash, had notice of complainant's rights

under said trust deed, which was filed for record April 8, 1873. The bill finally averred the indebtedness to appellee had not been paid, and prayed a foreclosure, giving her a first lien on the premises.

The answer of Schultze averred that, at the time he made the loan to Nash, he had no knowledge of the note and trust deed in favor of complainant; that Knauer Brothers were not his agents, but the agents of Nash; that he employed counsel to examine the title, and relied upon the opinion of his attorney, and made the loan in good faith.

It further averred a sale had been made under the deed of trust in his favor, at which sale he became the purchaser, and thereby the owner, of the premises, and complainant was entitled to no relief as against him.

At the hearing there was no controversy as to the following facts:

In 1870, appellee loaned Nash $4500, to secure which he executed to her a note and a mortgage on the premises in controversy. This note and mortgage were destroyed in the Chicago fire of 1871, and, the principal sum not having been paid, Nash and appellee went to the office of Knauer Brothers, on February 5, 1873, for the purpose of having a new mortgage or trust deed drawn up. Bruno Knauer, one of the firm, drew up a deed of trust, and also drew a release of the old mortgage, both of which were duly executed. Edmund Knauer, the other member of the firm, was named the trustee in the deed of trust, and it was the custom of the firm, in drawing deeds of trust, to insert the name of Edmund Knauer as trustee, unless otherwise directed by the parties. The release of the mortgage was filed for record March 28, 1873, and the trust deed April 8, 1873, but at what hour does not appear.

In March, 1873, the appellant Schultze had $3000 to loan, which he authorized Knauer Brothers to place for him. Nash applied to Knauer Brothers for a loan of $3000 on

the premises in controversy, and on March 26 Nash executed a note to Schultze for $3000, and a trust deed, in which Edmund Knauer was the trustee, on the premises to secure the same, which trust deed was recorded on March 27. An abstract of title made March 31, 1873, showing the mortgage to Mrs. Houfes, the trust deed in favor of Schultze dated March 26, and the release of Mrs. Houfes' mortgage, was placed by Schultze in the hands of Obediah Jackson, Esq., for examination, and, Jackson having given an opinion the title was good, Schultze, on the 8th day of April, paid the money to Nash, and received the note and deed of trust. Under this deed of trust the property was afterwards advertised and sold.

There was evidence introduced by complainant tending to show that Nash and Knauer Brothers entered into a conspiracy for the purpose of aiding Nash to procure the loan of $3000; that the release of the mortgage, and the trust deed in favor of Mrs. Houfes, were left in the possession of Knauer Brothers, and that the release was placed upon record, and the trust deed withheld, so as to show a good title on the records, and enable Nash to secure the loan. There was evidence introduced on the part of the defendant tending to show the contrary.

There was no evidence tending to show bad faith on the part of either Mrs. Houfes or Schultze.

The circuit court entered a decree declaring the Schultze trust deed the superior title, and dismissing complainant's bill. From that decree an appeal was taken to the Appellate Court for the First District, where the decree of the circuit court was reversed, and a decree entered in the Appellate Court declaring the trust deed in favor of Mrs. Houfes the superior lien, and directing a sale of the premises as prayed in the bill. This appeal is prosecuted by Schultze from the decree of the Appellate Court.

Messrs. THEODORE & T. H. SCHINTZ, for the appellant Schultze:

When the fee is conveyed under and in pursuance of the provisions of the mortgage, such conveyance relates back to the date of the mortgage, and passes the title unaffected by any conveyance subsequently intervening as a lien, after its record. *Doyle et al.* v. *Teas et al.* 4 Scam. 202; *Snapp et al.* v. *Pierce et al.* 24 Ill. 156; *Partridge* v. *Wells*, 81 id. 137; *Morrison* v. *Brown*, 83 id. 562.

Generally, the record of an instrument, constituting an equitable mortgage, is notice to a subsequent purchaser of the legal estate. 1 Jones on Mortgages, § 469; 1 Johnson (N. Y. Ch.) 394; 19 N. Y. 279; 10 Md. 517; 16 Wis. 307; 76 N. C. 482.

It is not necessary that the mortgage should express on its face that it is given to secure an agreement to advance money in the future. 1 Jones on Mortg. § 374, and authorities there cited.

The agreement under which the money is to be advanced need not be in writing to be binding against subsequent intervening liens. 1 Jones on Mortg. § 375, and authorities there cited.

The omission to state on the face of the mortgage the time when the advance of the money thereby intended to be secured, is to be made, is not material, and that may be shown by extrinsic proof, for in such case the proof does not contradict the mortgage, or alter its legal effect and operation in any way. 1 Jones on Mortg. § 376, and authorities there cited.

Although the deed purports to be in consideration of a definite sum in hand paid at the time, it may be shown by parol evidence that the deed was made to secure money to be subsequently advanced to that extent. 1 Jones on Mortg. § 376; *Foster* v. *Reynolds*, 38 Mo. 553; *Cole* v. *Rings*, Gill, (Md.) 412.

When a person, having a mortgage upon an estate, negligently puts it in the power of another to mortgage the prop-

erty to a third person, who is ignorant of such mortgage, he can not afterwards assert his own title in priority to the title of the party whom he has suffered to be deceived. 1 Jones on Mortg. § 604; *Briggs* v. *Jones*, L. R. 10 Eq. 98; Robinson's Law of Priority, 54; *Rice* v. *Rice*, 2 Drew, 73; Fisher on Mortg. (3d ed.) § 550; *Gavigan* v. *Bryant et al.* 83 Ill. 376.

A void deed of trust may afford notice to subsequent purchasers. *Morrison* v. *Brown*, 83 Ill. 562.

An agreement to advance money in the future, upon notes and trust deed, is considered as sufficient to give validity to note and trust deed at the time of their execution. *Collins et al.* v. *Carlile et al.* 13 Ill. 256.

A mortgage for obligatory advances is a lien from its execution, and ranks as a lien for the amount loaned, from the date of its record, and not from the date of actual advance. *Parmentier* v. *Gillespie*, 9 Pa. St. 86; *Moroney's Appeal*, 12 Harris (24 Pa.) 372; *Nelson* v. *Iowa Eastern R. R. Co.* 8 Am. R. R. Rep. 82; *Jacobus* v. *Mut. Ben. Life Ins. Co.* 12 C. E. Green, 604, (27 N. J.); *Griffin* v. *Burtnett*, 4 Edw. Ch. Rep. 673; *Crane* v. *Deming*, 7 Conn. 386; *Lyle* v. *Ducomb*, 5 Binn. 585; *Brinkmeyer* v. *Herbling et al.* 57 Ind. 435.

Messrs. J. N. & F. W. BARKER, for Edmund & Bruno Knauer.

Messrs. ROSENTHAL & PENCE, for the appellee:

The trust deed to Schultze did not take effect or become a security for any purpose at the time of filing the same for record on March 27, 1873, but only from the time when the note and trust deed were delivered to and accepted by Schultze, and when the money was paid over by Schultze to Nash, which was on April 8, 1873. 1 Jones on Mort. §§ 539–541; *Goodsell* v. *Stinson*, 7 Blackf. 439; *Parker* v. *Hill*, 8 Metcalf, 449; *Jackson* v. *Bard*, 4 Johns. 230; *Jackson* v. *Richards*, 6 Cow. 617; *Foster* v. *Beardsley*, 47 Barb. 513; *Schafer*

v. *Riley*, 50 N. Y. 61; *Frost* v. *Beekman*, 1 Jones Ch. 297; *Skinner* v. *Baker*, 69 Ill. 497.

The record of a deed is only *prima facie* evidence of delivery. 1 Jones on Mortg. § 539; *Stiles* v. *Probst*, 69 Ill. 385.

Not only must there be delivery to the mortgagee in order to make the mortgage of any effect, but there must be an acceptance by the mortgagee of the mortgage. 1 Jones on Mortg. § 84; *Jackson* v. *Richards*, 6 Cow. 619; *Stiles* v. *Probst*, 69 Ill. 385; *Kingsbury* v. *Burnside*, 58 id. 323.

Until a deed is delivered and accepted, it is a nullity, and being a nullity, it is not entitled to be placed of record, but being placed of record, it can not operate as notice. The statute does not make that notice which is not entitled to be recorded. *Moore* v. *Hunter*, 1 Gilm. 317; *St. John* v. *Conger*, 40 Ill. 536; *James* v. *Morey*, 2 Cow. 310; *Mesich* v. *Sunderland*, 6 Cal. 315; *Kerns* v. *Savage*, 2 Watts, 77; *Tillman* v. *Cowand*, 12 Sm. & M. 265.

The debt is the principal, and the mortgage or trust deed the mere incident; and the principal never having existed, or having ceased to exist, the incident, having nothing to which it may attach, ceases also to exist, and becomes a nullity. *Lucas* v. *Harris*, 20 Ill. 169; *Ryan* v. *Dunlap*, 17 id. 43; *Witham* v. *Brooner*, 63 id. 344; *Lynch* v. *Swayne*, 83 id. 336; *Andrews* v. *Thayer*, 30 Wis. 228; *Powell* v. *Conant*, 33 Mich. 396; *Burson* v. *Huntington*, 21 id. 429; *Ladue* v. *Railroad Co.* 13 id. 395.

The defendant must allege and prove that he took his subsequent mortgage in good faith, and actually paid the money thereon before notice of the previous incumbrance. There must be want of notice down to the time of the payment of the money to constitute a *bona fide* purchaser. *Brown* v. *Welch*, 18 Ill. 347; *Moshier* v. *Knox College*, 32 id. 155; *Baldwin* v. *Sager*, 70 id. 507; *Boone* v. *Chiles*, 10 Pet. 209; *Wormley* v. *Wormley*, 8 Wheat. 449; *Frost* v. *Beekman*,

1 Johns. Ch. 300; *Jewett* v. *Palmer,* 7 id. 67; *Thomas* v. *Graham,* Walker's Ch. 118; 3 Wash. Real Estate, 323, sec. 60; 2 Story Eq. secs. 1502, 64c; 2 Lead. Cases Eq. pt. 1, p. *40; Perry on Trusts, sec. 221.

The record of the first mortgage prior to the payment of the money upon the second mortgage, which was first recorded, will operate as notice so as to charge the second mortgagee, and any payment by him after such notice must be subject to the rights of the first mortgagee. *Stone* v. *Welling,* 14 Mich. 514; *Ladue* v. *Railroad Co.* 13 id. 380; *Ter-Hoven* v. *Kerns,* 2 Barr, 99; *The Montgomery County Appeal,* 36 Pa. St. 172; *Brinkerhoff* v. *Marvin,* 5 Johns. Ch. 326; *Griffin* v. *New Jersey Oil Co.* 3 Stockt. 52; *Spader* v. *Lawler,* 17 Ohio, 371; *Kramer* v. *Farmers' Bank,* 15 id. 253; *Boswell* v. *Goodwin,* 31 Conn. 74.

Where notice to first and second mortgagees of each other's equities is concurrent or simultaneous, the oldest equity, in point of time, must prevail.

There is no proof as to which was actually first in point of time. In law the day is one, and every act will be referable to every portion of the day, if there be no proof to the contrary. When two liens are obtained upon the same day, they will be considered concurrent in point of time. *Adams* v. *Dyer,* 8 Johns. 349; *Waterman* v. *Haskin,* 11 id. 228; *Hendrickson's Appeal,* 24 Pa. St. 363.

Where a first and second mortgagee receive notice each of the other's mortgage concurrently, the oldest in point of time will prevail. In point of merit the equities are equal, but the rule is universal as between two equities of equal merit, that the oldest will prevail. *Noakes* v. *Martin,* 15 Ill. 118; *Deininger* v. *McConnell,* 41 id. 231; *Berry* v. *Mutual Ins. Co.* 2 Johns. Ch. 607; *Brown* v. *Welch,* 18 Ill. 343; *Boone* v. *Chiles,* 10 Pet. 209; 2 Story Eq. 1502; *Basset* v. *Nostworthy,* 2 Lead. Cas. Eq. pt. 1, pp. 18, 31, *et seq.*

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

But a single question is necessary to be considered in the determination of this case. It appears, from undisputed testimony, that both Mrs. Houfes and Schultze acted in good faith, and actually paid the money to secure the payment of which the trust deeds were executed. The trust deed in favor of Mrs. Houfes was executed and delivered February 5, and was simply a continuation of the old mortgage. The trust deed in favor of Schultze was executed March 26, recorded March 27, but was not delivered nor did Schultze pay his money until April 8, on which day the Houfes trust deed was recorded. The release of Mrs. Houfes' mortgage was recorded between the time of the execution and recording of the Schultze trust deed and the delivery thereof to Schultze and the payment of the money by him.

The trust deed made to secure the Schultze loan was not a lien upon this property until the money was paid. If the payment to Nash by Schultze and the recording of the Mrs. Houfes' trust deed were simultaneous, neither, under our recording laws, could be regarded as prior to the other. Where the legal rights and equities of the parties are equal, the first in time is first in right. The equity of Mrs. Houfes, in this case, is equal in merit with that of Schultze, and her equity is prior in time. She is, therefore, first in right. The trust deed for the benefit of Schultze was of no greater effect than it would have been had it been filed for record at the moment when Schultze paid the money thereon to Nash. Mrs. Houfes' trust deed being recorded at the same time, their liens under the recording laws were simultaneous. But Mrs. Houfes' claim was prior to that of Schultze, and her trust deed was good without record as against all persons except subsequent purchasers whose conveyances were recorded before her trust deed was recorded.

The 30th section of the Conveyance act provides as follows: "All deeds, mortgages and other instruments in writing

which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record."

Were it not for the foregoing act, there could be no question that the Houfes trust deed, having been first executed, would be superior to that in favor of Schultze, for her equities are prior in time, but, under this act, the question whether the Schultze trust deed is entitled to priority, depends upon whether, at the time the Houfes trust deed was filed for record, Schultze was a creditor or subsequent purchaser, within the meaning of the statute. Inasmuch as he claims rights under this statute as a *bona fide* purchaser without notice, it is not sufficient that it should appear that he became a purchaser simultaneously with the recording. It is essential, to render Mrs. Houfes' deed inoperative, as against him, that it shall appear that he became a purchaser subsequent to the making of that deed, and prior to its being filed for record.

By this record, which occurred first does not appear. It is very clear that if the payment of the money was essential to make Schultze a purchaser or creditor, and if he can only be treated as a purchaser at and from the time of such payment, he has not shown himself a purchaser prior to the record of the deed of Mrs. Houfes, and the decree of the Appellate Court was right.

We are clearly of opinion Schultze did not become a purchaser, within the meaning of the statute, until he paid his money. Until that time, he was under no legal obligation to loan Nash the money, nor was Nash under any legal obligation to receive it, but all the transaction amounted to was simply this, that Schultze took under advisement Nash's proposition to borrow the money. Had the transaction amounted

to a contract which either party could have enforced, it might well have been insisted that Schultze became a purchaser at the time such contract was made.

It makes no difference that the intention of Nash and Schultze was, that upon the payment of the money by Schultze, his title should relate back to the time of the recording of the deed. As between the parties themselves, such an intention might be carried into effect by the court. But when the rights of third persons intervene, the intention of the parties must yield to the law.

It is suggested by counsel for appellants, that there is no proof the Houfes trust deed was ever delivered to the trustee, and that, therefore, it must be treated as null and void.

This position is not tenable. The trust deed made by Nash to Edmund Knauer to secure to Mrs. Houfes the payment of the debt of Nash to her, was prepared, signed and sealed in the presence of Mrs. Houfes, and placed in the hands of Knauer Brothers that the same might be filed for record. This we think was a sufficient delivery.

It is also insisted the Appellate Court ought not to have compelled appellant Schultze to pay the costs. The awarding of costs in such cases is a matter of discretion in the court below. (Sec. 18, chap. 33, Rev. Stat. 1874.)

After a careful consideration of the elaborate arguments filed on both sides of this case, we are satisfied the Appellate Court has correctly applied the law to the undisputed facts of this case, and that its decree is right, and therefore we affirm it.

*Decree affirmed.*