(No. 14057.—Reversed and remanded.)

FREDERICK W. FREUTEL, Appellant, vs. NICHOLAS J.
SCHMITZ, Appellee.

*Opinion filed October 22, 1921.*

1. MORTGAGES—*mortgage is not a lien unless a debt is secured by it.* A mortgage is a security for a debt, and without a debt it has no effect as a lien.

2. SAME—*mortgage for future advances takes effect as a lien only when advances are made.* A mortgage may be taken to secure future advances, but it can take effect as a lien only when the money is advanced or the contemplated debt comes into existence in the course of dealings between the parties, the lien being measured by the extent of the advances and the amount of the debt.

3. SAME—*when grantee of mortgagor is entitled to have trust deeds set aside.* The grantee of a mortgagor or of the maker of trust deeds takes the place of his grantor only in so far as any lien is created by the instruments and assumes no personal indebtedness of the grantor not secured thereby, and if no debt is secured by the instruments and no money is ever advanced on account of them, the grantee is entitled to have them set aside or canceled as clouds upon his title.

4. SAME—*what cannot be recovered by trustee when trust deeds are set aside.* Upon the setting aside of trust deeds made to secure a building loan which was never advanced, the trustee, in the absence of any provision therefor in the trust deeds, cannot recover interest for the time he alleges he had the money set apart ready to make the loan, nor a commission to himself which he claims the maker of the trust deeds agreed to pay him, nor the expense of registering the trust deeds for his own protection.

5. COSTS—*examiner's fee cannot be allowed as costs in suit to cancel trust deeds.* Costs are recoverable only where allowed by statute, and as the statute makes no provision for the allowance of an examiner's fee as costs in a suit to cancel trust deeds as clouds upon a grantee's title on the ground that no debt is secured by the trust deeds, such costs cannot be allowed.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

MILTON HART, for appellant.

HOLLETT, SAUTER & HOLLETT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

October 19, 1916, the title to lots 2 and 3 in block 4 in the Ravenswood Golf Club subdivision, in Cook county, stood in the name of Anna Zemon in the office of the registrar of titles. On that day Anna Zemon, since deceased, and Jacob J. Zemon, her husband, executed and delivered to the appellee, Nicholas J. Schmitz, two trust deeds to secure separate loans of $4000 each, one conveying to him, as trustee, lot 2, and the other conveying in like manner lot 3, each purporting to secure the payment of notes amounting to $4000, payable three and five years after date, with interest at six per cent, payable semi-annually, and evidenced by interest notes. The trust deeds were registered by the registrar of titles on October 24, 1916. On November 18, 1916, Anna Zemon and Jacob J. Zemon, her husband, executed a quit-claim deed of the lots to Frederick W. Freutel, appellant, and Joseph A. Thomas, and the deed was entered as a memorial on the certificates of title, which had then been divided into separate certificates. On October 24, 1919, the appellant, Freutel, filed in the circuit court of Cook county his petition for a cancellation of the trust deeds, alleging that the notes and trust deeds were delivered for the purpose of securing future advances for the erection of buildings on the two lots; that no money was ever advanced and no consideration ever given for the instruments, and that the trust deeds were null and void and clouds upon the title to the property. He prayed for an order canceling the trust deeds and a new certificate to be issued to him. The appellee, Nicholas J. Schmitz, answered, admitting that the notes and trust deeds were made to secure future advances for the purpose of erecting buildings on each of the lots, and

299—21

alleged that he set apart and held for that purpose until May 4, 1917, the sum of $8000 awaiting the clearing of the title and the removal of the lien of a prior trust deed in the sum of $8000 on the two lots and other property; that the Zemons agreed to pay him a commission of $100 for each loan and that he paid $6 to the registrar of titles for filing the trust deeds. He claimed interest at the rate of six per cent for the period that he alleged he set apart the money for the loan, $6 paid to the registrar of titles, $5 for drafting each of the trust deeds and notes, $200 commission, $175 as solicitor's fees on account of having to defend this litigation, and $50 on each of the trust deeds as commissions to himself as trustee. He protested that the memorial of the trust deeds should not be canceled until these costs, expenses and obligations should be paid to him. The application was referred to an examiner, who took the evidence and reported that the trust deeds were null and void, no consideration having been given therefor, and should be canceled of record; that the appellee was entitled, under his verbal contract with Jacob J. Zemon, to recover from Zemon the amounts that he claimed, but he had no lien upon the property for them and could not enforce collection against the appellant nor impose as a condition for the cancellation of said trust deeds the payment of said amounts. He recommended a disallowance of the appellee's claims and imposed upon him the costs, including the examiner's fee of $50. The chancellor sustained exceptions to the report as to the refusal to allow $6 for filing the trust deeds, $200 as commissions for making the loans, and interest on the money alleged to have been held by the appellee from the date of the trust deeds to February 9, 1917, amounting to $146.67, making a total of $352.67, for which the trust deeds were held to be liens. He also sustained an exception to the allowance of $50 additional costs as examiner's fees and refused to allow costs to either party. The

appellant has assigned errors on the record and the appellee has assigned cross-errors, all of which will be disposed of together.

A mortgage is security for a debt and without a debt it has no effect as a lien. (*Schultze* v. *Houfes,* 96 Ill. 335; *Rue* v. *Dole,* 107 id. 275; *Fischer* v. *Tuohy,* 186 id. 143; *Schaeppi* v. *Glade,* 195 id. 62.) A mortgage may be taken to secure future advances, but it can only take effect as a lien from the time some debt or liability secured by it is created. If there is no mortgage debt or obligation in existence there is nothing for the mortgage to operate on, and the lien begins only when money is advanced or the contemplated debt comes into existence in the course of dealing between the parties. The lien is measured by the extent of the advances and the amount of the debt. (*Collins* v. *Carlile,* 13 Ill. 254; *Darst* v. *Gale,* 83 id. 136.) The appellant, by taking a conveyance of the property, took the place of the makers of the trust deeds so far as any lien was created thereby. He was bound to take notice of the trust deeds and was bound by the lien created, if any, but that was the extent of his obligation, and he assumed no personal indebtedness of the makers of the trust deeds not secured thereby. If there was any debt secured by the terms of the trust deeds the appellant was not entitled to have them canceled without payment of the amount so secured, and this is to be determined by the terms of the trust deeds. They provided that the makers should pay the indebtedness and bear all expenses paid or incurred in connection with a foreclosure, including $195 solicitor's fees, all outlays for documentary evidence, stenographer's charges, costs of procuring or completing abstract showing the whole title to said premises and embracing foreclosure of the trust deeds, and all like expenses and disbursements occasioned by any suit or proceeding wherein the grantee or any holder of any part of such indebtedness, as such, might be a party, inclusive of the sum of $50 as a com-

mission to the trustee for his services, all of which should be an additional lien upon the premises and should be taxed as costs and included in any decree in a foreclosure proceeding. These provisions did not include anything claimed by the appellee. The notes were made by Anna Zemon and Jacob J. Zemon, payable to the order of themselves and by them endorsed. The trust deeds were made to the appellee as trustee and purported to secure the notes, but while he appeared in the trust deeds as trustee, according to his testimony he was the lender of the money. He testified that he told Jacob J. Zemon that the interest would be six per cent, the commission two and one-half per cent, drawing the trust deeds and notes each $5, and expenses of recording the trust deeds in the Torrens office, to which Zemon agreed. He said that he charged himself with $8000 and credited Anna Zemon and Jacob J. Zemon with the two loans and carried them on his books as liabilities until May 7, 1917. That was only a book entry, and the appellee never set aside any money for the loans and merely claimed that he always had plenty of money to take care of the loans he made. No advance of any money was ever made, and if Zemon agreed to pay two and one-half per cent to appellee for procuring a loan from himself it is not secured in any manner by the trust deeds. The appellee paid $6 for registering the trust deeds for his own protection. That was all the money ever paid by him on account of the loan or the trust deeds.

The assignment of errors includes the ruling of the chancellor in sustaining the exception to the allowance of $50 extra costs for examiner's fee, and in the argument in support of the cross-errors it is contended that there is no statute allowing such a fee. Costs are only recoverable where allowed by statute, and the appellant does not point to any statute authorizing the taxing of such a fee, therefore it should not be allowed, but the appellant is entitled to the taxable costs of the proceeding.

The decree is reversed and the cause remanded to the circuit court, with directions to enter a decree directing the cancellation of the trust deeds in accordance with the views herein expressed and for costs of the proceeding against the appellee.

*Reversed and remanded, with directions.*