Roy E. Parson, Appellee, v. Minnie H. Case and Howard D. Henry, Appellants.

Gen. No. 8,983.

Modified opinion filed January 17, 1936. Rehearing denied January 17, 1936.

WALTER HAMILTON, of Chicago, for appellants.

March & Rossiter, for appellee; Lyle H. Rossiter, of Chicago, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

On October 3, 1929, Minnie H. Case executed two separate and distinct mortgage loans. One of such loans was for the sum of $1,550, evidenced by her promissory note for that amount, payable at the Glen Ellyn State Bank of Glen Ellyn, Illinois. This note was secured by a trust deed upon a certain vacant lot which she owned in the city of Glen Ellyn and upon which she desired to erect a dwelling. The Chicago Title and Trust Company was named as trustee. On the same day, she executed another mortgage indebtedness in the sum of $9,000, comprised of five promissory notes, all payable at the Glen Ellyn State Bank, and secured by trust deed upon the same lot, and naming the Chicago Title and Trust Company as trustee therein. The trust deeds and notes secured thereby were delivered by the said Minnie H. Case to the Glen Ellyn State Bank. The $9,000 trust deed was recorded prior to the smaller one. The trust deed for the $1,550 loan disclosed that such loan was subject to the $9,000 loan.

Appellee became the owner for value of the $1,550 note, the said mortgagor receiving the proceeds from this note, which she used in payment for the lot. The Glen Ellyn State Bank failed to advance to the mortgagor any money upon the $9,000 loan, and the said Minnie H. Case received nothing on such loan, which went into the construction of the residence or in payment for the lot. She paid for the house with her own funds. She made demand upon the bank for the return of the notes and trust deed executed with reference to the $9,000 indebtedness. The bank claimed that the same had been lost or misplaced and it was unable to return them to her. Following the bank's failure to deliver the trust deed and notes for the

$9,000 loan to the mortgagor, she did on or about May 15, 1930, execute an assignment to her brother, Howard D. Henry, appellant herein, for such mortgage indebtedness.

In May, 1932, appellee filed his bill to foreclose against the property in question, setting up the facts regarding the failure of appellant Minnie H. Case to receive anything upon the $9,000 mortgage from the Glen Ellyn bank, and further, that if she ever received anything thereon, it was not until May 15, 1930, or soon thereafter, which was long subsequent to the vesting of the legal rights of appellee under his mortgage loan; that the Glen Ellyn State Bank never negotiated the notes comprising the $9,000 loan and never paid any consideration therefor to appellant Case. Appellee set up that his mortgage was therefore a first lien and prayed that the court would so decree. Appellant Henry filed his cross-bill for foreclosure, urging that the $9,000 mortgage indebtedness was prior to that of appellee.

The court decreed the mortgage indebtedness of appellee to be a first lien and prior to that of appellant Henry; that said cross complainant's mortgage did not secure any indebtedness until May 15, 1930; that prior to such time the trust deed and notes were in the hands of the Glen Ellyn State Bank; that nothing was ever advanced thereon; and that no indebtedness existed thereon until May 15, 1930, when said cross complainant took an assignment from appellant Case for the notes executed on October 3, 1929, and secured by the $9,000 trust deed. The court further found that any consideration paid by Howard D. Henry to Minnie H. Case because of such assignment was not used in the construction of the improvement placed upon the premises described in the trust deed; that the trust deed and notes sought to be foreclosed by said cross complainant were never delivered to him by either appellant Case or the Glen Ellyn State Bank;

that no order was ever given by appellant Case to the bank to deliver such notes to the cross complainant; and that the said bank never received any notice and never had any knowledge of the alleged ownership of such notes by the cross complainant or of the sale thereof by Minnie H. Case to him. Minnie H. Case and her brother, the cross complainant, prosecute this appeal from the decree of the court.

While there were minor questions involved in this case, yet the main question as between the parties was, whose lien should have priority. This was the question before the trial court and the deciding factor in the disposition of this case. It remains the controlling question upon this appeal.

In the case of a note and mortgage or note and trust deed, the note is the principal obligation and the mortgage or trust deed merely an incident thereto. *Union Mut. Life Ins. Co. v. White,* 106 Ill. 67; *Smith v. Niemann,* 216 Ill. App. 179. The note is the evidence of the debt. The mortgage is given only as security therefor. It has been said that where no debt exists, there can be no mortgage. *Freer v. Lake,* 115 Ill. 662; *Schaeppi v. Glade,* 195 Ill. 62; *Freutel v. Schmitz,* 299 Ill. 320.

In the case of *Schaeppi v. Glade, supra,* at page 66 of the opinion, it is stated: ''A mortgage without any debt has no effect as a lien, and it can only take effect from the time when some debt or liability secured by it is created. A debt or mortgage obligation is essential to create a lien.'' There was no lien created by the $9,000 trust deed in this case until some money was advanced thereon. The bank was unable to make the loan after the notes and trust deed were delivered to it, and suspended business without ever having advanced any money on the transaction, without having ever returned the papers to the maker, and without having negotiated any of the notes. It is stated in

*Freutel v. Schmitz, supra,* at page 323, "A mortgage is security for a debt and without a debt, it has no effect as a lien." It is further stated at this page, "A mortgage may be taken to secure future advances, but it can only take effect as a lien from the time some debt or liability secured by it is created." To the same effect are *Schultze v. Houfes,* 96 Ill. 335; *Fischer v. Tuohy,* 186 Ill. 143, 148.

It is apparent that at the time appellant Case executed the trust deed and notes for $9,000 and delivered them to the bank, no lien attached to the property in question because of such transaction, for the reason that there was no indebtedness owing the bank to be secured by the trust deed. Furthermore, appellant Henry knew the facts regarding the $9,000 transaction. He was chargeable with knowledge of the recording of appellee's trust deed, which was nearly a year prior to his taking the assignment from his sister, for the indebtedness represented by the first trust deed of $9,000. This is an added reason why his lien is subject to that of appellee's. *Lanphier v. Desmond,* 187 Ill. 370, 380, 381.

As the record stands in this case, we are of the opinion that the question of priority as between the appellee and appellants must be determined by the question of when their respective mortgage indebtedness became a lien. No lien attached to the $9,000 mortgage indebtedness as between the mortgagor, Minnie H. Case, and the Glen Ellyn State Bank. Appellant Henry bought his interest therein directly from the mortgagor. She could not then be owing herself the $9,000. The bank was no party to the transaction. No lien arose prior to the assignment. Under the facts and circumstances existing herein, we are of the opinion that the decree of the trial court was correct, and the same is hereby affirmed.

*Decree affirmed.*