CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY, Respondent-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Petitioner-Appellee.

Fifth District   No. 75-394

Opinion filed April 22, 1976.

KARNS, P. J., dissenting.

P. C. Mullen, of Chicago, and Ralph D. Walker, of Belleville (Walker & Williams, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Peter A. Fasseas, James R. Sullivan, and Hercules F. Bolos, Assistant Attorneys General, and Rodney C. Howard, Law Student, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court of Alexander County denying a motion for stay of judgment pending appeal and ordering the appellant, Chicago & Eastern Illinois Railroad Company, to comply fully with an order of the Illinois Commerce Commission until there was a hearing and final determination on the merits.

The appellant railroad had altered the type of service it was providing at Tamms. The Illinois Commerce Commission entered a citation order

against the railroad to determine whether the needs of the shipping public were being met, whether the railroad had effectively abandoned its agency or station building at Tamms, and whether notice had been provided of the change to the shipping public.

After hearings were held the railroad was ordered to "conduct its business in the Village of Tamms, Illinois, unless and until such time as Respondent initiates a formal proceeding to alter said agency service and is authorized so to do by Order of this Commission." A petition for rehearing was filed in and denied by the Commission. An appeal to the circuit court of Alexander County was taken and the railroad filed a motion for stay of judgment pending appeal. The court after hearing the arguments of counsel denied the motion and ordered the railroad to comply with the Commission order until the arguments on the merits of the appeal were heard and the case disposed of. This interlocutory appeal under Supreme Court Rule 307 (Ill. Rev. Stat., ch. 110A, par. 307) followed.

The railroad attempts to argue the merits of the case in this interlocutory appeal. The sole issue for consideration under Supreme Court Rule 307, is whether the circuit court abused its discretion in refusing to grant appellant's motion for a stay of judgment pending appeal.

■■ In *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348, 302 N.E.2d 394, the court discussed the purpose of Supreme Court Rule 307(a)(1), the section under which the railroad has appealed. The court there was reviewing the trial court's refusal to issue a preliminary injunction in a trade secrets case. The court said at page 352:

"The purpose of Supreme Court Rule 307(a)(1), under which this interlocutory appeal was brought, is to permit, as a matter of right, review of a trail court's exercise of discretion with regard to the grant, refusal, modification, dissolution or refusal to dissolve or modify an injunction. (See *Bohomolec v. Gieblewicz*, 3 Ill. App. 3d 16, 18, 278 N.E.2d 202.)"

The court further stated:

"In ruling on an application for such relief, controverted facts or the merits of the case are not decided. (*Lonergan v. Crucible Steel Co. of America*, 37 Ill. 2d 599, 229 N.E.2d 536; *H.K.H. Development Corp v. Metropolitan Sanitary District*, 47 Ill. App. 2d 46, 196 N.E.2d 494.) Consequently, the merits of the case are not brought before a reviewing court by an interlocutory appeal. (*Shatz v. Paul*, 7 Ill. App. 2d 223, 129 N.E.2d 348.) *The only question reviewed in such an appeal is whether there was a sufficient showing to sustain the order of the trial court granting or denying the relief sought. (See Schuler v. Wolf*, 372 Ill. 386, 24

N.E.2d 162; *Guvo v. Banis*, 331 Ill. App. 415, 73 N.E.2d 156 (abstract opinion); *Cook County v. Yacktman*, 25 Ill. App. 2d 448, 166 N.E.2d 466 (abstract opinion).)" (Emphasis supplied.)

■■ Thus, it is clear that the railroad in this action must fail in its appeal. The railroad does not discuss or argue any points having to do with the circuit court's discretion. It argues only the merits of its case. Had appellant properly presented its case, a preliminary inspection of the record would not indicate abuse of discretion by the circuit court. The test to be used by the circuit court in staying a Commission order is that set out in the Illinois Public Utilities Act (Ill. Rev. Stat., ch. 111 2/3, par. 75). That statute expressly provides:

> "No order so staying or suspending a rule, regulation, order or decision of the Commission shall be made by the court otherwise than upon 3 days' notice to the Commission and after a hearing, and if the rule, regulation, order or decision of the Commission is suspended, *the order suspending the same shall contain a specific finding based upon evidence submitted to the court, and identified by reference thereto, that great or irreparable damage would otherwise result to the petitioner, and specifying the nature of the damage.*" (Emphasis supplied.)

The railroad did not argue in the circuit court that any damage would result if the desired relief was not granted. Absent a showing of great or irreparable damage, the circuit court would not have been justified in staying the order of the Commission. It does not appear that the circuit court abused its discretion by not making the finding of great or irreparable damage and staying the order.

The order of the circuit court of Alexander County is affirmed.

JONES, J., concurs.

Mr. PRESIDING JUSTICE KARNS, dissenting:

The order of the Commission, recited in the majority opinion, was arbitrary and clearly contrary to law. While the railroad proposed to close its station building at Tamms, a community of approximately 500 people, and furnish service to the shipping public, which the record shows to be one, regular, but infrequent, commercial shipper, by utilizing a "traveling" agent, it is clear that this does not constitute an abandonment or reduction in service requiring permission of the Commerce Commission. The facts in this case are identical to those in *Dixon v. Pitcairn*, 362 Ill. 213, 199 N.E. 299 (1935), and this decision should govern the conduct of the commission, and the action of the circuit court in ruling on appellant's motion for a stay.

The railroad demonstrated a clear right to the relief requested. The facts are not in dispute. In my opinion the denial of the stay was a clear abuse of discretion which resulted in "great damage" to appellant since the Commission's order requires the railroad to continue the unwarranted expenditure of substantial sums of money which it cannot recover.