CREDITORS DISCOUNT & AUDIT, INC., d/b/a Collection Service, Plaintiff-Appellant, v. LYNDON ZOOK, Defendant-Appellee.—CREDITORS DISCOUNT & AUDIT, INC., d/b/a Collection Service, Plaintiff-Appellant, v. JAMES R. BEAN, Defendant-Appellee.

Fourth District   Nos. 4—84—0606, 4—84—0630 cons.

Opinion filed January 23, 1985.

Francis J. Davis, of Maloney & Davis, of Urbana, for appellant.

No brief filed for appellees.

Daniel H. Harrod, of Harrod Law Firm, P.C., of Eureka, for *amicus curiae.*

PRESIDING JUSTICE GREEN delivered the opinion of the court:

These consolidated appeals concern the application of section 2—202(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—202(a)), which designates those individuals who may serve process. The section states in part that "[t]he [circuit] court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and not a party to the action." In case No. 4—84—0606, the issue is whether the circuit court has authority to fix a fee for the private process server and tax that fee as costs. We hold that it does not have such authority. In case No. 4—84—0630, the question attempted to be presented is whether a showing of cause or necessity is a condition precedent to the appointment by the court of a private process server. We do not reach that question, because we determine that we do not have jurisdiction in that case.

In case No. 4—84—0606, plaintiff, Creditors Discount & Audit, Inc., d/b/a Collection Service, brought suit in the circuit court of Champaign County seeking a money judgment from defendant, Lyndon Zook. Pursuant to the provisions of section 2—202(a), James Luecking was appointed as a private process server and served the summons upon defendant. Plaintiff requested the court to fix a $12 fee for Luecking and to tax it as costs. The court found that the amount requested was reasonable and stated that it would have fixed a fee in that sum and taxed the sum as costs if it could have properly done so. However, the court held that under the precedent of *Chicago & Aurora R.R. Co. v. Dunning* (1857), 18 Ill. 494, it had no authority to do so. In entering judgment for plaintiff for the sum of $225.38 and costs on July 31, 1984, the court refused plaintiff's request to tax a fee for service of summons as part of the costs. Plaintiff has appealed. Defendant has filed no brief. With our permission, the Illinois Sheriffs Association has filed a brief *amicus curiae* suggesting that the trial court decision was correct. We agree and affirm.

In case No. 4—84—0630, the same plaintiff brought suit in the circuit court of Champaign County against James R. Bean seeking a money judgment. On August 23, 1984, plaintiff moved for appointment of a private process server. The trial court denied the appointment on that date, ruling that it had no authority to make such an appointment absent a showing of cause or necessity. The court reasoned that such an appointment was to be made only in unusual circumstances. Plaintiff moved for a "stay" of the order of denial. The "stay" was denied on August 29, 1984, by an order which found that there was no reason to delay enforcement or appeal of the order.

Plaintiff then filed notice of interlocutory appeal on that same date.

No case is directly on point on the question of whether a trial court has the discretion to fix a fee for a private process server and tax that fee as costs. The *Dunning* case, relied on by the trial court, is the case most nearly on point. There, a plaintiff was deputized by the sheriff for the sole purpose of serving a subpoena in the case. An agreement was reached to dismiss the lawsuit at the defendant's costs, and among the items taxed in the bill of costs were the fees incurred in serving the subpoenas, to which the defendant then objected. The supreme court held that no fee could be allowed or taxed and reversed, ordering a retaxing of costs. The court reasoned as follows: (1) The plaintiff, in his capacity as a deputy sheriff, could not serve a subpoena in his own case, because he could not act in his official capacity in his own case; (2) a party, or any other private person, may serve a subpoena; (3) plaintiff, acting in his individual capacity, properly served the subpoenas; but (4) plaintiff could not be awarded fees as costs for doing so, because there was no statutory provision for award of fees for private service of subpoenas, and "it is only by force of the statute, that any costs can be collected by the successful [from] the unsuccessful party." *Chicago & Aurora R.R. Co. v. Dunning* (1857), 18 Ill. 494, 495.

The general rule stated in *Dunning* that, absent statutory authority, a court is without authority to assess costs is still applicable. (See *People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 245 N.E.2d 468.) In *Freutel v. Schmitz* (1921), 299 Ill. 320, 132 N.E. 534, the trial court referred a mortgage foreclosure proceeding to an examiner who was to hear the evidence and report. On appeal, the supreme court reversed the trial court's allowance of an examiner's fee as costs because no statutory authority existed for such an award.

■■ Plaintiff contends that authority to tax a fee for service of summons by a private individual may be inferred from Supreme Court Rule 101 (87 Ill. 2d R. 101). That rule provides that the forms of summons used in civil cases shall contain a provision stating that the summons "must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, *if any.*" (Emphasis added.) Rather than implying authority to fix fees for a private process server, the Rule is at least neutral on the subject because of the words "if any." While those words could have been used in recognition of the fact that no fees would be available when the plaintiff is suing as a poor person, the words could also indicate a rec-

ognition that no fees can be fixed or taxed when a private person makes service.

Plaintiff also calls our attention to section 2—202(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—202(c)). That section makes a "sheriff, coroner, or *other person*" (emphasis added) to whom process is delivered subject to the contempt power of the circuit court for refusing or neglecting to serve process. Plaintiff argues that a private person would be unlikely to voluntarily subject himself to such potential penalty and responsibility if no fee was allowed. Plaintiff maintains that the legislature would not have intended to discourage the use of private process servers in this way. However, there is no indication that the legislature intended to encourage the use of private process servers or contemplated that they would be used regularly. The responsibility taken on by such a person is not great. As with Rule 101, an inference from section 2—202(c) that the court was authorized to fix and tax a fee for private process servers is too slight to be persuasive.

At the time of *Dunning,* as now, a private person, without appointment by the court, could serve a subpoena. Under Supreme Court Rule 237(a) (87 Ill. 2d R. 237(a)), a subpoena may even be served by mail. Section 2—202(c), by its terms and context, does not refer to persons serving subpoenas, and there is no statutory provision making the subpoena server subject to contempt for failure to serve the subpoena. Thus, the analogy of *Dunning* to the situation of the "private person" serving a summons is not complete, as the summons server must be appointed by, and is subject to the contempt power of, the court. However, absent express or implied statutory authorization for fixing a fee for the server and taxing it as costs, the holding of *Dunning* that no fee can be fixed or taxed is binding precedent despite its ancient origin. Moreover, that precedent is entirely consistent with the general rule pronounced fairly recently in *City of Hickory Hills* and *House of Vision.*

█ Finally, plaintiff refers to the desirability of encouraging the use of private persons as servers of summonses. Plaintiff submits that most sheriff's departments today (1) are too busy to give the necessary attention to serving the summons that a trained person specializing in service of process would give, and (2) lack the knowledge and skill that a trained private process server would have. An examination of the statutes of other States indicates that about one-half of the States have provisions authorizing the taxing as costs of fees paid to private process servers. We recognize that this may be desirable. However, we conclude that the legislature, not the court, should grant

the authority to tax such fees as costs. Accordingly, we affirm the judgment of the trial court in case No. 4—84—0606.

■ Turning now to the appeal in case No. 4—84—0630, we must consider first the question of our jurisdiction. That question was not discussed at the expedited oral argument, nor has it been raised otherwise at any time. However, upon further reflection, we conclude that we must raise the issue *sua sponte*. (*In re Application of County Collector of Rock Island County* (1972), 3 Ill. App. 3d 917, 278 N.E.2d 811.) The finding of the trial court that no just reason existed to delay enforcement or appeal of the order denying the stay is insufficient to make the order appealable as a matter of right under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), because (1) the case was not one involving multiple parties or multiple claims for relief, and (2) that order was not final as to a claim.

Because a request for the stay of an order of the trial court is usually analogous to a request for interlocutory injunctive relief, an order granting, or refusing to grant, or dissolving or refusing to dissolve a stay has been held to be appealable as a matter of right under the provisions of Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)) which make similar orders regarding requests for injunctive relief appealable. (*Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276.) However, because of the unusual type of stay requested here, the analogy to injunctive relief is not apt.

The stay was requested as to an order denying relief, *i.e.*, the appointment of a special process server. The purpose of a stay is to preserve the status quo. When an order is entered denying relief, that order preserves the status quo and there is no purpose in staying the operation of the order. Here, the court refused to appoint a process server. The trial court's refusal to do so maintained the status quo. A stay would not have changed the situation. The granting of a stay would have been a useless act. An order "which does not command or permit any act to be done *** is not within [the procedures for a stay], as there is nothing upon which a stay bond can operate." (4A C.J.S. *Appeal & Error* sec. 632, at 431 (1957); see *Gumberts v. East Oak Street Hotel Co.* (1949), 404 Ill. 386, 88 N.E.2d 883.) An order granting or denying injunctive relief is never an order having no effect.

■ To allow an appeal as a matter of right from a denial of a stay here would be to allow an appeal as a matter of right from an order that has no effect. Allowance of appeal under these circumstances would permit any civil litigant to seek a stay of any ruling not

made in the course of trial and then appeal the denial of a stay to that order. That was not the intent of Rule 307(a)(1). Thus, we dismiss this appeal.

Notably, even if the order denying the stay were appealable as a matter of right, the only issue raised would be the propriety of denying the stay. (*Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 312 N.E.2d 61; *Chicago & Eastern Illinois R.R. Co. v. Illinois Commerce Com.* (1976), 37 Ill. App. 3d 523, 346 N.E.2d 432.) The question of the propriety of the refusal to appoint a special process server would not have been reached.

For the reasons stated, the judgment in case No. 4—84—0606 is affirmed. In case No. 4—84—0630, the appeal is dismissed.

Affirmed in case No. 4—84—0606, appeal dismissed in case No. 4—84—0630.

MILLS and WEBBER, JJ., concur.